**FILED**

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

V

Defense Security (DSS) Administration
**Attn: Director in Charge**
**Office of FOIA and Privacy Act**
1340 Braddock Place
Alexandria, VA 22314-1651

CIVIL ACTION NO:

_____

Revised Copy

CASE NUMBER   1:06CV00304

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/■■/2006

Come Samuel L. Clemmons, Jr. file this civil complaint in

District Court for the District of Columbia against the Defense

Security Administration and federal employees, employed within

such agency for violation of the United States Title Code, Title

5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and

Title 5, USC Se552, Exemption (b)(7)(A), (b)(2), (b)(6) and

(b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and

12356; section 3301 and 9101 of title 5, U.S. Code; section 2165

and 2201 of title 42, U.S. Code; section 781 to 887 of title 50,

U.S. Code 401a(4) (3)(d) and part 5, 732  section 736 of Title

5, Code of Federal Regulation and any denial of appeals

submitted under the Freedom of Information Act (FIOA) to

retrieve and review privileged personal record of information

under the plaintiff's personal identification. The defendant has

denied the plaintiff review of the record according to the

Freedom of Information Act and the defendant may be in violation

1

of statue: 28 U.S.C. § 1333, and § 129 2(a)(3). In this complaint let it be known and let it stand according to law of § 111 ALR, Fed. 295, giving false information to any Federal Departments or Agency is consider a Violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false statements in any matter under jurisdiction of the departments or agency of the United States of America.

The plaintiff states in this complaint that the plaintiff submitted such Freedom of Information Act request to the defendant by fax, mail and Fed Ex Express delivery on the following dates requesting a copy of the plaintiff's complete records for review and correction: The plaintiff faxed such request on July 25 at 12:43 and 13:28 p.m. and July 26 at 11:02 and 11:04 p.m.. The plaintiff has the fax submission reports for the record to be submitted to the courts upon such motion to enter discovery. On July 26, 2005, the plaintiff mailed such same request to the defendants. On September 15, 2005, the plaintiff Fed Ex Express service delivery the same Freedom of Information Act requests to the defendants sent to two addresses of the defendants they are: Defense Security (DSS), Attn: Ms. Leslie Blake, Office of FOIA and Privacy, 1340 Braddock Place, Alexandria, VA 22314-1651 with a Fed Ex tracking number to confirm of 850485718008, such delivery was accepted and signed

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1 by B. Caruso at 10:29 a.m. and Defense Security (DSS), Attn:

2 Director in Charge, 938 Elkridge Landing Road, Linthicum, MD

3 21090 with a Fed Ex tracking number to confirm of 850485717994,

4 such delivery was accepted and signed by T. Aquino at 09:13

5 a.m..

6

7    As the courts can see, the defendants had well enough time

8 to comply according to the law stated below.

9

10

11    The law states: Each agency, upon any request for records

12 made under paragraph (1), (2), or (3) of the Freedom of

13 Information Act, shall determine within **20 days** (excepting

14 Saturday, Sunday, and legal public holidays) after the receipt

15 of any such request whether to comply with such request and

16 shall immediately notify the person or plaintiff making such

17 request of such determination and the reasons therefore, and of

18 the right of such person to appeal to the head of the agency any

19 adverse determination. It is known that if such agency wishes

20 not to release such information the person or plaintiff must

21 file a complaint in the District Court of the United States in

22 the district in which the complainant resides, or has his

23 principle place of business, or in which the agency records are

24 situated, or in the District of Columbia, has jurisdiction to

25 enjoin the agency from withholding agency records and to order

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1  the production of any agency records improperly withheld from

2  the complainant. In such case as this one the court shall

3  determine the matter de novo, and may examine the contents of

4  such agency records in camera to determine whether such records

5  or any part thereof shall be withheld under any of the

6  exemptions set forth in subsection (b) of the Freedom of

7  Information Act, and the burden is on the agency to sustain its

8  action.

9

10

11      The plaintiff states and admits in this court that there is

12  a very strange sign of possible fraud and withholding the truth

13  from the plaintiff; therefore, the plaintiff is fully requesting

14  such records sought for complete review in this court of law.

15

16      The plaintiff's  Freedom of Information request was

17  submitted in a timely manner and such requests were

18  intentionally denied and withheld due to many unknown reasons

19  which is causing this civil lawsuit in the District Court for

20  the District of Columbia in the amount of **15,000,000.00** (fifteen

21  million dollars) against such agency for violation of the law

22  under the Freedom of Information Act under § 5 U.S.C.A. § 552,

23  and alleged for providing false information under an ordered

24  federal investigation; therefore, holding the defendant to be in

25  violation of prohibit personnel practice under the United States

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

Code 5 U.S.C. § 2302(b) (8), and for committing and assisting in

committing such crimes of slander according to case law of

*Anigio-Medical Corp v. Eli Lily & Co.*, 720 F.Supp.269,; *Roger*

*Corp. v. Arlon, Inc.*, 855 F. Supp. 560; *Leavitt v. Cole, 17 Fla*

*L. Weekly Fed. D71.;* U.C.A. 1953, 76-6-405, 76-6-1102 and *State*

*v. Ross,* 951 P.2d 236, 241 (Utah Ct. App. 1997)


The plaintiff states, if such is confirmed through this

court that such wrongful information exist in the agency's

records after the court review such record under the matter of

*de novo*, let the facts be known and confirmed that the

defendant's agency intentionally, wrongfully, willfully,

deliberately, maliciously, withheld wrongful information from

the plaintiff and provided wrongful information to other federal

agencies or agencies to mislead and ruin the plaintiff's career

and such summary judgment is needed and hold merit in favor of

the plaintiff.


If additional damages have been caused due to the

defendant's negligent act in not providing the requestors the

record sought according to the law stated in this complaint. The

defendants should be also be held accountable of crimes such as

identity theft, identify fraud, theft by deception and

deformation of character. (See statue: U.C.A. 1953, 76-6-405,

76-6-1102 and *State v. Ross,* **951 P.2d 236, 241 (Utah Ct. App.
1997)**. The defendant never gave or allowed the plaintiff a
chance to review such records sought or to dispute any
derogatory information that may exit in the plaintiff's record.

The burden of proof is for the court to administrative the
law and for the defendant to proven that such information was
not requested by the plaintiff and if such information was
requested by the plaintiff why the defendant refused to honored
the Freedom of Information Act request and allowed the plaintiff
the rights to review the records sought in its entirely.

If this civil action cannot be settled out of court, the
plaintiff is asking for a civil trial before his peers (jury
trail) revealing all the issues along with the **FACTS** set forth
in this case for a jury to rule base on the issues and facts
provided in this compliant as of this date the compliant is
filed and logged into United States District Court's system. The
plaintiff is aware that the defendants have to agree to bring
this matter before a jury to review the facts.

The plaintiff wishes to maintain and reserve rights to sell
story to the public if necessary.

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

The plaintiff wishes to add, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trail is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence by giving names, dates and key information when such request for information was submitted to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the defendant (hereinafter the "Federal Policy", and therefore the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon

1  itself (The Agency) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and

2  complete understanding of Federal Regulation 111 ALR, Fed. 295

3  and 18 U.S.C.A § 1001 (2)(15)(34).

4

5      End of Complaint:

6

7

8                              Sam L. Clemmons, Plaintiff Pro Se
                               548 Saint Charles Place
9                              Brookhaven, MS 39601

10

11      **CC:** www.usps.com for tracking purposes

12  United States Attorney General
        **Express Mail #: EQ 242464107 US**
13  U.S. Attorney
        **Express Mail #: EQ 242464098 US**
14  Department of Defense Security Administration
        **Express Mail #: EQ 242464115 US**
15  The Rainbow Push Collation
        **Express Mail #: EQ 242463296 US**
16  The NAACP Chapter for the District of Columbia
        **Express Mail #: EQ 242463305 US**
17  Mary L. Lee, Paralegal;
        **Certified Mail #: 7005 0390 0002 2211 2578**
18  George Tillman, Paralegal
        **Express Mail #: EQ 241268295 US**
19  United State District Court of the District of Columbia;
        **Express Mail #: EQ 242463375 US**
20  Records

21

22

23

24

25

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

    The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

Article Outline
Index
Statutory Text
Table of Cases, Laws, and Rules
Research References

ARTICLE OUTLINE

§   1[a] Introduction--Scope

§   1[b] Introduction--Related annotations

§   2. Background and summary

§   3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
        Held to violate 18 U.S.C.A. § 1001

§   3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
        Held not to violate 18 U.S.C.A. § 1001

§   4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§   4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§   5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§   5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§   6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§   6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§   7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0304

FILED

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§  7[b] Bail--Held not to violate 18 U.S.C.A. §  1001

§  8. Sentencing

§  9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. §  1001

§  9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. §  1001

§  10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. §  1001

§  10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. §  1001

§  11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. §  1001

§  11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. §  1001

§    12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§  13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. §  1001

§  13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. §  1001

§  14. Conflict between employee's and government's interests

§  15. Employee's misuse of position

§  16. Compensation or benefits

§  17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. §  1001

§  17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. §  1001

§  18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. §  1001

§  18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. §  1001

§  19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. §  1001

§  19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. §  1001

§    20[a] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. §  1001

§    20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. §  1001

§  21. Other activities

§  22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. §  1001

§  22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. §  1001

§  23. Statements relating to patents

§ 23.5. Statements relating to copyright

§ 24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§ 24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§ 25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. § 1001

§ 25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. § 1001

§ 26. Statements relating to purchase of surplus government property

§ 27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§ 28. Statements relating to interstate shipment of goods

§ 29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. § 1001

§ 29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. § 1001

§ 30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. § 1001

§ 30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. § 1001

§ 31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. § 1001

§ 31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. § 1001

§ 32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. § 1001

§ 32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. § 1001

§ 33. Statements relating to compliance with environmental protection regulations

§ 34. Other statements

§ 35. Constitutionality