UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0304 (RCL) |
| | ) | |
| DEFENSE SECURITY (DSS) ADMINISTRATION. | ) ) | |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant, by and through undersigned attorneys, moves this Court for dismissal of this lawsuit for plaintiff's failure to name the proper party defendant in this Freedom of Information Act case. Alternatively, defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56(C), as no records were wrongfully withheld. A memorandum of points and authorities and a statement of material facts not in dispute are attached. A proposed order is also attached.[1]

---

[1] Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained in documents submitted in support of this motion may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely. Fed. R. Civ. P. 56 (e), provides as follows:

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if

        Respectfully submitted,

        /s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney
Judiciary Center Building
555 Fourth St., N.W., Rm. E4204
Washington, D.C.  20530
(202) 514-7137

OF COUNSEL:

ROLAND MEISNER
Assistant General Counsel
Office of General Counsel
Defense Security Service

---

appropriate, shall be entered against the adverse party.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, )<br> )<br> )<br> Plaintiff, )<br> )<br> v. ) Civil Action No. 06-0304 (RCL)<br> )<br>DEFENSE SECURITY (DSS) )<br>ADMINISTRATION. )<br> Defendant. )<br> ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Defendant Defense Security Services of the U.S. Department of Defense, through undersigned counsel, respectfully submit this memorandum of points and authorities in support of its motion to dismiss or for summary judgment.

**I. INTRODUCTION**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and pertains to the processing of Plaintiff's FOIA request by the Defense Security Services ("DSS"). The declaration of Leslie R. Blake, Chief of the DSS's Freedom of Information/Privacy Act Unit ("Blake Decl."), describes the DSS's response to Plaintiff's FOIA request. Mr. Blake's declaration demonstrates that DSS conducted a proper search of its records and found no records responsive to Plaintiff's request. Thus, the DSS has satisfied its obligations under FOIA.

**II. FACTUAL BACKGROUND**

By correspondence dated July 25, 2005, Plaintiff submitted a FOIA request for "privileged personal records of information under the plaintiff's personal identification" to DSS. R. 1, p. 2. On February 2, 2006, when no response was received, Plaintiff, proceeding *pro se*,

commenced this action. R. 1. By letter dated May 17, 2006, Plaintiff was informed that DSS had no records responsive to his FOIA request. See Blake Decl. at Attachment A, hereto, ¶ 7. Although DSS had no responsive records, it reviewed the Defense Clearance and Investigative Index ("DCII"), a consolidated listing of files held by investigative components of the Defense Department, and found that the Department of the Army, Army Criminal Records Division ("ACRD"), maintained a 1994 file pertaining to plaintiff. Id. Plaintiff was advised to contact the Department of the Army directly concerning his request for information. Id. and Exhibit 2, thereto.[2]

### III. ARGUMENT

A.    Dismissal of Plaintiff's Suit is Warranted.

Plaintiff in this lawsuit has named the "Defense Security (DSS) Administration" as defendant in this lawsuit. The Defense Security Service is a separate agency of the U.S. Department of Defense. Blake Decl. at ¶ 2. Under the Freedom of Information Act, only the U.S. Department of Defense would be the proper party defendant in a FOIA litigation. See 5 U.S.C. § 552(a)(4)(B). Accordingly, Plaintiff's failure to name the Department of Defense is grounds for dismissal of this action.

B.    Summary Judgment Should be Granted in Defendant's Favor.

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of

---

[2] Note: Undersigned counsel has redacted plaintiff's date of birth and social security number from the documents attached to Mr. Blake's declaration to protect plaintiff's privacy.

2

evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, the plaintiff must present some objective evidence that would enable the court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986).

In Anderson, the Supreme Court explained under what circumstances summary judgment is appropriate:

> If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. See Cappabianca v. Commissioner, U.S.

3

Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir. 1980). Summary judgement may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'" Public Citizen, Inc. v. Dept. of State, 100 F.Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency, 697 F.2d 1095, 1102 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d at 1329; Bowen v. FDA, 925 F.2d 1224, 1227 (9th Cir. 1991). See also Hayden, supra, 608 F.2d at 1387; Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

The declarations or affidavits (singly or collectively) are often referred to as a Vaughn index, after the case of Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). There is no set formula for a Vaughn index. "[I]t is well established that the critical elements of the Vaughn index lie in its function, and not in its form." Kay v. FCC, 976 F.Supp.

4

23, 35 (D.D.C. 1997). "The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege." Delaney, Midgail & Young, Chartered v. IRS, 826 F.2d 124, 128 (D.C. Cir. 1987). See also Keys v. U.S. Dept. of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987); Hinton v. Dept. of Justice, 844 F.2d 126, 129 (3d Cir. 1988).

  1. DSS's Vaughn Index

  The DSS has provided a separate Vaughn index, in the form of a declaration by Leslie R. Blake, to support this motion for summary judgment. See Attachment A and attachments thereto. Mr. Blake is Chief of the DSS's Freedom of Information/Privacy Act Office. Blake Decl. ¶ 1. Due to the nature of Mr. Blake's official duties, he is familiar with the procedures followed by the DSS in responding to requests for information from its files pursuant to 5 U.S.C. § 552, commonly known as the Freedom of Information Act ("FOIA"). Id. He also is familiar with the actions taken by DSS in responding to the request for information by Plaintiff herein. Id. Thus, Mr. Blake's declaration provides the Court with the requisite basis for review of the DSS's actions in responding to Plaintiff's request.

  2. DSS's Search Was Adequate

    a. Nature of Search Required

  In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. Oglesby v. United Sates Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health, 844 F. Supp. 770, 776 (D.D.C. 1993). The established reasonableness standard by which FOIA searches are judged "does not require absolute exhaustion of the files; instead it requires a search reasonably calculated to uncover the sought materials." Miller v. Dept. of State, 779 F.2d 1378, 1384-85

5

(8th Cir. 1985). Thus, "the issue in a FOIA case is not whether the agencies' searches uncovered responsive documents, but rather whether the searches were reasonable." Moore v. Aspin, 916 F.Supp. 32, 35 (D.D.C. 1996); see also Fitzgibon v. U.S. Secret Service, 747 F.Supp. 51, 54 (D.D.C. 1990); Meeropol v. Meese, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

Since the "reasonableness" standard focuses on the method of the search, not its results, Cleary, Gottlieb, supra, 844 F. Supp. at 777 n.4, an agency demonstrates that it conducted a reasonable search by showing "that it made a good faith effort to conduct a FOIA search for requested records by using methods that can reasonably be expected to produce the information requested." Western Center for Journalism v. Internal Revenue Service, 116 F. Supp. 2d 1, 9 (D.D.C. 2000); Oglesby, 920 F.2d at 68.

The search standards established under FOIA do not require an agency to search every record system; instead, the agency need only search those systems in which it believes responsive records are likely to be located. Oglesby, supra, 920 F.2d at 68. Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent. Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); see also Cleary Gottlieb, supra, 844 F. Supp. at 777 n.4. It has been held that "'the search need only be reasonable; it does not have to be exhaustive.'" Miller, supra, 779 F.2d at 1383 (citing National Cable Television Association v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)). Additionally, "the fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it." Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993) (*quoting* Miller, supra, 779 F.2d at 1385). Simply stated, the adequacy of the search is "dependent upon the circumstances of the case." Truitt v. Dept. of

6

State, 897 F.2d 540, 542 (D.C. Cir. 1990). The fundamental question is not "whether there might exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, supra, 920 F.2d at 68; see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, supra, 779 F.2d at 1383; Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1979). Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs., supra, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through a showing of convincing evidence, the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, supra, 779 F.2d at 1383. It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney, supra, 19 F.3d at 813; SafeCard, supra, 926 at 1200; Maynard, supra, 986 F.2d at 560.

### b. Details of DSS's Search

Mr. Blake explained the DSS's method of searching for materials responsive to a FOIA request as follows:

> The DSS method of searching for investigative material responsive to a FOIA/PA request involves the use of DOD's Defense Clearance and Investigative Index

> (DCII), a consolidated listing of files held by investigative components of the Defense Department. The DCII is searched by reference to the individual's full name and Social Security Number. DSS file listings are retained in the DCII by DSS for 15 to 25 years from the date of the last investigation, depending on the nature of the information in the file. Accordingly, any individual who has been investigated by DSS in the past 15 to 25 years would be identified. Once the Index identifies an individual as having an investigation with a dossier, a copy of that document/dossier can be ordered from the DSS records repository. Favorable non field investigations such as electronic National Agency Checks (NAC'S) for lower level clearances do not generally contain paper files so the DCII only reflects the fact at a NAC was completed and the date of completion. DCII is also a Joint DOD system so listings could reflect other DOD investigative actions.

Blake Decl. at ¶ 4. Upon receipt of plaintiff's complaint in this case, Mr. Blake directed the DSS Privacy Act Branch in Linthicum, Maryland, to conduct a search for records responsive to plaintiff's FOIA request. Id. at ¶ 5. The DSS Privacy Branch located two pieces of correspondence from Plaintiff, which are attached to the Blake Declaration as Exhibit 1. Id. One was a July 25, 2005, facsimile and letter requesting release of all background information pertaining to Plaintiff. The second was a July 25, 2005, facsimile and letter with an attached Power of Attorney, signed on July 26, 2005. Id. Both documents were located in DSS FOIA/PA incoming mail which had not yet been opened and assigned a Privacy Act case number. Id. The DSS had not yet sent Plaintiff an acknowledgement of receipt of his FOIA/PA request at the time Plaintiff filed his complaint. Id.[3]

The DSS has now conducted a search for records responsive to Plaintiff's FOIA request. No responsive records were found in the automated indices to the DDS central records system files. Blake Decl. at ¶ 7. However, a search of the Defense Clearance and Investigative Index (DCII), which is a consolidated listing of files held by investigative components of the Defense

---

[3] As explained in Mr. Blake's declaration, because of a reorganization and resulting reduction in staff, the DSS FOIA/PA office has been unable to keep abreast of its backlog on pending and incoming cases. Blake Decl. at ¶ 6. For those reasons, Plaintiff's request had yet to be addressed at the time this lawsuit was commenced.

Department, showed that plaintiff had a National Agency Check (NAC) completed on him in March of 1989 and that the Department of Army, Army Criminal Records Division (ACRD) maintained a 1994 file pertaining to plaintiff. Id. Other than the DCII entry, there are no records pertaining to plaintiff. Id. As noted by Mr. Blake, as DSS has no authority to release third agency material, Plaintiff would have to request any ACRD records directly from the Department of the Army. Id. By letter dated May 17, 2006, plaintiff was notified of these findings. Id. and Exhibit 2.

The DSS has adequately explained the systems in which it maintains its records and the search undertaken to locate records responsive to Plaintiff's request. The search was undertaken in the locations most likely to provide all responsive records. Mr. Blake's declaration is detailed in nature and provides an adequate description of the procedures followed by DSS in searching for documents responsive to Plaintiff's request. Thus, DSS has demonstrated that its search was thorough and in compliance with the dictates of FOIA.

## IV.  CONCLUSION

Plaintiff's failure to name the proper defendant warrants dismissal of his action. Alternatively, as DSS has conducted an adequate search and found no records at DSS responsive to Plaintiff's FOIA request, summary judgment in defendant's behalf is appropriate.

    Respectfully submitted,

    /s/
    KENNETH L. WAINSTEIN , D.C. Bar # 451058
    United States Attorney


    /s/
    RUDOLPH CONTRERAS, D.C. Bar # 434122
    Assistant United States Attorney

                                          /s/
                                CLAIRE WHITAKER, D.C. BAR # 354530
                                Assistant U.S. Attorney
                                Judiciary Center Building
                                555 Fourth St., N.W., Rm. E4204
                                Washington, D.C.  20530
                                (202) 514-7137

OF COUNSEL:

ROLAND MEISNER
Assistant General Counsel
Office of General Counsel
Defense Security Service

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing motion, attachments and proposed order was served by First-Class Mail; postage prepaid to:

    SAM L. CLEMMONS, *pro se*
    548 Saint Charles Place
    Brookhaven, MS 39601

on this 14th day of June, 2006.

                                    /s/
                              CLAIRE WHITAKER,
                              Assistant U.S. Attorney
                              Judiciary Center Building
                              555 Fourth St., N.W., Rm. E4204
                              Washington, D.C.  20530
                              (202) 514-7137