UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

CIVIL ACTION NO:
　CASE NUMBER: 1:06CV00304

　JUDGE: ROYCE C. LAMBERTH
　DECK TYPE: FOIA / PRIVACY ACT
　DATE STAMP: 02/21/2006

V
Defense Security (DSS) Administration
**Attn: Director in Charge**
**Office of FOIA and Privacy Act**
1340 Braddock Place
Alexandria, VA 22314-1651

February 21, 2006

**RECEIVED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FREEDOM OF INFORMATION ACT VIOLATION AND OTHERS**

　　　Comes Samuel L. Clemmons, Jr. file this civil complaint in District Court for the District of Columbia against the Defense Security Administration and federal employees, employed within such agency for violation of the United States Title Code, Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC Se552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S. Executive Order 10450, 10865, 12333, and 12356; section 3301 and 9101 of title 5, U.S. Code; section 2165 and 2201 of title 42, U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4) (3)(d) and part 5, 732 section 736 of Title 5, Code of Federal Regulation and any denial of appeals submitted under the Freedom of Information Act (FIOA) to retrieve and review privileged personal records of information under the plaintiff's personal identification. The Defendant has

denied the Plaintiff review of the record according to the Freedom of Information Act and the Defendant may be in violation of statue: 28 U.S.C. § 1333, and § 129 2(a)(3). In this complaint let it be known and let it stand according to law of § 111 ALR, Fed. 295, states giving false information to <u>any</u> Federal Departments or Agency is consider a violation of 18 U.S.C.A § 1001 (2)(15)(34); making it a criminal offense to make false statements in any matter under jurisdiction of the departments or agency of the United States of America.

## II

The Plaintiff states in this complaint that the Plaintiff submitted such Freedom of Information Act request to the Defendant by fax, mail and Fed Ex Express delivery on the following dates requesting a copy of the Plaintiff's complete records for review and correction: The Plaintiff faxed such request on July 25 at 12:43 and 13:28 p.m. and July 26 at 11:02 and 11:04 p.m.. The Plaintiff has the fax submission reports for the record to be submitted to the courts upon such motion to enter discovery. On July 26, 2005, the Plaintiff mailed such same request to the Defendant(s). On September 15, 2005, the Plaintiff Fed Ex Express service delivery the same Freedom of Information Act requests to the Defendants sent to two addresses of the Defendants they are: Defense Security (DSS), Attn: Ms. Leslie Blake, Office of FOIA and Privacy, 1340 Braddock Place,

Alexandria, VA 22314-1651 with a Fed Ex tracking number to confirm of 850485718008, such delivery was accepted and signed by B. Caruso at 10:29 a.m. and Defense Security (DSS), Attn: Director in Charge, 938 Elkridge Landing Road, Linthicum, MD 21090 with a Fed Ex tracking number to confirm of 850485717994, such delivery was accepted and signed by T. Aquino at 09:13 a.m..

### III

As the courts can see, the Defendants had well enough time to comply according to the law stated below.

### IV

The law states: Each agency, upon any request for records made under paragraph (1), (2), or (3) of the Freedom of Information Act, shall determine within **20 days** (excepting Saturday, Sunday, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person or plaintiff making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination. It is known that if such agency wishes not to release such information the person or plaintiff must file a complaint in the District Court of the United States in the district in which the complainant resides, or has his principle place of business, or in which the agency records are

situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such case as this one the court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of the Freedom of Information Act, and the burden is on the agency to sustain its action.

## V

The Plaintiff states and admits in this court that there is a very strange sign of possible fraud and withholding the truth from the Plaintiff; therefore, the Plaintiff is fully requesting such records sought for complete review in this court of law.

## VI

The Plaintiff's Freedom of Information request was submitted in a timely manner and such requests were intentionally denied and withheld due to many unknown reasons which is causing this civil lawsuit in the District Court for the District of Columbia in the amount of **15,000,000.00** (fifteen million dollars) against such agency for violation of the law under the Freedom of Information Act under § 5 U.S.C.A. § 552, and alleged for providing false information under an ordered

federal investigation; therefore, holding the Defendants to be in violation of prohibit personnel practice under the United States Code 5 U.S.C. § 2302(b)(8), and for committing and assisting in committing such crimes of slander according to case law of *Anigio-Medical Corp v. Eli Lily & Co.*, 720 F.Supp.269,; *Roger Corp. v. Arlon, Inc.*, 855 F. Supp. 560; *Leavitt v. Cole, 17 Fla L. Weekly Fed. D71.*; U.C.A. 1953, 76-6-405, 76-6-1102 and *State v. Ross*, 951 P.2d 236, 241 (Utah Ct. App. 1997)

## VII

The Plaintiff states, if such is confirmed through this court that such wrongful information exist in the agency's records after the court review such record under the matter of *de novo*, let the facts be known and confirmed that the Defendant's agency intentionally, wrongfully, willfully, deliberately, maliciously, withheld wrongful information from the Plaintiff and provided wrongful information to other federal agencies or agencies to mislead and ruin the Plaintiff's career and such summary judgment is needed and hold merit in favor of the Plaintiff.

## VIII

If additional damages have been caused due to the Defendants' negligent act in not providing the requestors or the Plaintiff the record sought according to the law stated in this complaint. The Defendants should be also be held accountable of

crimes such as identity theft, identify fraud, theft by deception and deformation of character. (See statue: U.C.A. 1953, 76-6-405, 76-6-1102 and **State v. Ross**, **951 P.2d 236, 241 (Utah Ct. App. 1997)**. The Defendant never gave or allowed the Plaintiff a chance to review such records sought or to dispute any derogatory information that may exit in the Plaintiff's record.

## IX

The burden of proof is for the court to administrative the law and for the Defendants to prove that such information was <u>not</u> requested by the Plaintiff and if such information was requested by the Plaintiff why the Defendant refused to honored the Freedom of Information Act request and allowed the Plaintiff the rights to review the records sought in its entirely.

## X

If this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trial) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system. The Plaintiff is aware that the Defendants have to agree to bring this matter before a jury to review the facts.

## XI

The Plaintiff wishes to maintain and reserve rights to sell story to the public if necessary.

## XII

The Plaintiff wishes to add, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advised the Defendants to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case" In this case the nonmoving party (the Plaintiff) has expressed evidence by giving names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself(The Agency) see <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>.

End of Complaint:

*[signature]*

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601


**CC:** www.usps.com for tracking purposes

United States Attorney General
    **Express Mail #: EQ 242464107 US**
U.S. Attorney
    **Express Mail #: EQ 242464098 US**
Department of Defense Security Administration
    **Express Mail #: EQ 242464115 US**
The Rainbow Push Collation
    **Express Mail #: EQ 242463296 US**
The NAACP Chapter for the District of Columbia
    **Express Mail #: EQ 242463305 US**
Mary L. Lee, Paralegal;
    **Certified Mail #: 7005 0390 0002 2211 2578**
George Tillman, Paralegal
    **Express Mail #: EQ 241268295 US**
United State District Court of the District of Columbia;
    **Express Mail #: EQ 242463375 US**
Records

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651