UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS<br>PLAINTIFF | CIVIL ACTION NO:<br>CASE NUMBER: 1:06CV00304 |
| V | JUDGE: ROYCE C. LAMBERTH<br>DECK TYPE: FOIA / PRIVACY ACT<br>DATE STAMP: 02/21/2006 |
| Defense Security (DSS) SERVICE.<br>DEFENDANT | June 24, 2006 |

**PLAINTIFF'S MOTION REQUEST TO RESPONSE TO DEFENDANT'S ACTIONS TO DEFEND AGAINST LAWSUIT. PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY AND REQUEST FOR JUDGEMENT BY DEFAULT**

Comes Samuel L. Clemmons, Jr. file this response in District Court for the District of Columbia against the Defense Security Services and federal employees, employed within such agency for confirmed violation of the laws so stated in the initial complaint before the court.

The Plaintiff will prove to the court possible involvement with another federal agency that such other agency has been found guilty of wrongdoing and to be in violation of the Freedom of Information Act, Privacy Act and other crimes.

On June 22, 2006, after the Plaintiff's returned from person leave and other setbacks the Plaintiff does acknowledge before the court that the Plaintiff did receive such

**RECEIVED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

correspondence from the Defendants. The Plaintiff received the Defendant's defense submission before the court with a confirmed delivery stamp by the United States Postal Service as being unknown. The mailing appears to have been ran through the agency's private mailing machine but the documents inside with a certificate of service being May 26th, 2006 which is a date late after the official date of being served the summon which was on April 25th, 2006. The Court did not get any response from the Defendant or the Defendant's counsel until May 31, 2006 instructing the Defendant under a judge order stating: ORDER – If defendant expects to file a dispositive motion herein, it shall do so within 10 days of this date. SO ORDERED. Signed by Judge Royce C. Lamberth on May 31, 2006. Since such order the Plaintiff states, as of this date this motion response is submitted into the court records. The Defendant still has not honored such order given which now makes the Defendant to be in default according to the initial's instructions present to the Defendant after being served properly by the Plaintiff.

In addition to the Defendant's defense response, the Defendant's counsel expresses to the court and to the Plaintiff that according to such state paragraph III that no response is required even after being served a court's summons. If such is true why have Member of Congress mandated all government agencies to comply by law in responding back to requestors after

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

requesting information from theirs private but personal files? If such laws are not true then why such law expresses and states to all citizens under the Freedom of Information Act that anyone can obtain his or her personal files. Anyone can verify, correct, supplement or remove information from such person or persons government files that can adversely impact such person or persons future promotion, security clearance, veterans or social security benefit and more. If such statement is true the Defendant is saying no and that no government agency has to do what the law so states for anyone to correct or review their files from those who have committed an illegal act within the government. Such comment made by the Defendant is outrageous and is completely misleading, not accurate, true and without merit.

According to the law, any and all agencies have **20 days** to comply with such Freedom of Information Act's request. If such is denied such person as I (the Plaintiff) should be offered the rights to enter an appeal which I was denied completely by the Defendants' negligence acts in failures to honor my requests and response to the Plaintiff in a timely fashion.

The Plaintiff will submit such evidence to the court in the Plaintiff's motion request to enter discovery that will be **Exhibit # 1** consisting of eleven pages. (See Plaintiff's motion request to enter discovery).

The Defendant's denies any wrongdoing in paragraph number IV which the Plaintiff disagree. For the record, it shows that the Defendant knew about a negative record existed against the Plaintiff but failed to release the information to the Plaintiff according to the Freedom of Information Act and Privacy Act requests. The Defendant mailed information outside the court's instructions in responding to the Plaintiff on May 18th, 2006 but failed to mail such same information to the court according to the court's instructions upon officially but legally being served with specific instructions. This appears to be an attempt to side track the court when such same information should have been mailed to the court in the Defendant's response or defense statements to the court. The Plaintiff will provide this information to the court in the Motion to Enter Discovery section of this Plaintiff's response to the court. Such information will be place in **Exhibit # 2**.

After the court thorough review of the facts and documents requested the court will be able to confirm that this was an intentionally act by the Defendant to withhold the truth from the Plaintiff. The Defendant intentionally withheld information from the Plaintiff committing a deliberately act with malice to continue to cause hurt and harm to the Plaintiff. This was done after the Defendant received something from the Army Crime Record Center without any proof, certification or court

documents to support such wrongful actions. Making the actions performed by the Defendant to be an accessory to the crime or crimes committed against the Plaintiff to ruin, tarnish and destroy the Plaintiff's career and career opportunities while living and working under the laws in the United States of America.

The Plaintiff file this motion request before the court to enter the discovery so that the discovery can be and will be used during the judge's actions to complete the summary judgement by default against the Defendant but in favor of the Plaintiff in whole.

In rebuttal to the Defendant's counsel statement in the second defense stating the Plaintiff failed to state a claim upon which relief can be granted. The only relief that can be granted is the removal of all wrongful, illegal but negatives remarks someone from your staff allowed to be entered against me without any confirmation that such is true. By these acts and these acts alone the Plaintiff has acknowledge that the parties who played a part in this was successful in ruining Plaintiff's career in the United States of America. The only other relief the Plaintiff can received to be brought whole again is for the Defendant's counsel to be instructed to submit such award sought due to being in default and the truthful acknowledgement the Defendants played in this act. The Plaintiff ask the Defendant's

counsel to think for a second, who would want to hire the Plaintiff now after the Plaintiff has been successful in pleading his case before the court? How many of people who may have been caught up in this are they still working for the government? The trust factor will never be the same. The Plaintiff has already been label. The Plaintiff needs every bit of this award sought for proper but legal protection against continuous wrongdoing against those who feel as if they can go above and beyond the law to cause harm to others as myself. As well as to other family members of mine; therefore, the Defendant should submit such award through the court within 20 days after the Defendant's counsel has received the summary judgement by default paper work from the court. Such amount due or owe to the Plaintiff should be **15,000,000.00** after taxes.

    The Plaintiff wishes to continue to add for the record, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists.

Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987

F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) *see* <u>Fed. Rules Civ.Proc. Rule 17, 28 USCA</u> and complete understanding of Federal Regulation <u>111 ALR, Fed. 295</u> and <u>18 U.S.C.A § 1001 (2)(15)(34)</u>.

    End of Complaint:

                                    Respectfully submitted,

                                    Sam L. Clemmons, Plaintiff Pro Se
                                    548 Saint Charles Place
                                    Brookhaven, MS 39601

**DISCOVERY ATTACHMENTS:**

**Exhibit # 1:** Eleven pages of fact requesting information under the Freedom of Information and Privacy Act.
**Exhibit # 2:** Three pages from Defense Security Service after being served a summons to response to the court and the Plaintiff with information within 30 days as given and served upon the Defendant by way of certified mail delivery on April 26 & April 27, 2006.
**Exhibit # 3:** Three pages from the Department of the Army that can served as a rebuttal to the Defendant's paperwork in **Exhibit # 2** and against the Defendant's statement a response is not need or justified upon a person asking, requesting information under the Freedom of Information Act.
**Exhibit # 3:** The Default Paperwork & Affidavit of Service

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1

2

3

4

5

6

7

8