UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS  )<br>    PLAINTIFF, PRO SE  )<br>  )<br>vs.  )<br>  )<br>Defense Security (DSS) SERVICE.  )<br>    DEFENDANT  )<br>  )<br>  )<br>_____ ) | CIVIL ACTION NO:<br><br>**06-0304 (RCL)**<br><br><br>**July 14, 2006** |

## PLAINTIFF'S MOTION REQUEST & RESPONSE TO COURT AFTER RECEIVING THE DEFENDANT'S PLEADING REQUEST TO DISMISS OR FOR SUMMARY JUDGEMENT

Comes Plaintiff, pro se. file this response in District Court for the District of Columbia in relating to the Defendant's response to the court requesting to dismiss such case base on the grounds established in its submittal to the court after the court has received the Plaintiff's MOTION request for summary judgment by default.

Due to the Defendant untimely responses and responses after the fact after being giving instructions by the court to file a dispositive motion within 10 days of May 31, 2006 which the Defendant and the Defendant's counsel failed to do or response to the court within the 60 days after being served.

In the Defendant's MOTION request to dismiss the Defendant's statements were still vague, not accurate and

**RECEIVED**
JUL 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

correct. The Defendant and the Defendant's counsel intentionally and willfully left out key information as the Plaintiff so expressed to the court in the Plaintiff's initial complaint stating that the Defendants has failed to honor the Plaintiff's FOIA request and had denied all the Plaintiff's appeals to their denial.

The Defendant and the Defendant's counsel left out section II of the complaint stating that the Defendants were served after faxing such request by FedEx Express Service with the tracking numbers listed in the initial complaint to confirm such request with the attached documentation which will be added as Exhibit 5 for physical proof of receipt to contradict with the Defendant's counsel's statements of against the Defense Security Services and federal employees, employed within such agency for confirmed violation of the laws so stated in the initial complaint before the court.

By fax request for information under the Freedom of Information Act was not the only request presented to the Defendant and the Defendant's counsel. Therefore, such claim presented by the Defendant's counsel stating that both documents were located in DSS FOIA/PA incoming mail which had not yet been open and assigned a Privacy Act case number is misleading and is a wrongful attempt by both the Defendant and the Defendant's counsel to mislead the court and a jury into thinking that such

information was sitting without any knowledge of receipt of such request. When on September 16, 2005 at 10:29 a.m. the Defendants received such same request by FedEx Express Service under the tracking number as stated in the initial's complaint of <u>850485718008</u> and <u>850485717994</u>.

1. According to the law the Defendant and the Defendant's counsel must bring by the way to the courts must bring the full and complete records before the courts for *de novo* meaning to bring the complete records from what the defendant's counsel express that exist and happen in their statements before the courts and the courts shall determine the matter of *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof should have been withheld this long under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(c) and subsection (b) and reproducibility under paragraph (3)(B).

Since, the Defendant and the Defendant's counsel have failed to understand the law and at first so expressly stated that such agency did not have to response at all under the Freedom of Information Act or just failed to honor the law or any other provision of the law. The Defendant shall now serve an answer or otherwise plead to any complaint such as this one made under this subsection within 30 days after such service upon the Defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown. The Defendant and the Defendant's counsel must turn over it log sheets showing and validating all statements made in their responses to the court. The Defendant must explain to the court why such receipt of submission by the Plaintiff by way of FedEx Express service on September 16, 2005 was not given or assigned a Freedom of Information Act/ Privacy Act Request or log number? Why the Defendant's and the Defendant's counsel failed to acknowledge the Plaintiff's request for information sought under the Freedom of Information Act / Privacy Act which transpire into the Defendant and the Defendant's counsel wrongfully stating that not response is needed but the Defendant's counsel wish to later contradict its statements expressing difference.

In addition to the Plaintiff's pervious Motion submission to the court requesting to enter discovery and requesting summary judgment by default should be granted due to other facts

on the records in showing strange signs of an intentional to withhold and release information to the Plaintiff that the Defendant can see that exist but due to the Defendant's actions of intentionally, deliberately, willfully to withhold to keep the Plaintiff in the dark and without acknowledge that such marked is on his record for so many years as stated in express in the Defendant's outlines before the court. Therefore, the Defendant and the Defendant's counsel have failed in the following areas listed below.

2. The Defendants have failed to honor and obey the laws under the Freedom of Information Act as explained above.

3. As of this date this addendum is file in the courts, The Defendants and the Defendant's counsel have failed to produce to the courts log sheets of pervious and back logs request as stated in their statements to the court to suffice for substantive evidence to approve or prove any actions against the Plaintiff by the way of affidavit service, etc.

Once again, The Plaintiff has requested from the Defendant(s) under the Freedom of Information Act such documents the Plaintiff finally and official received after filing such lawsuit in the United States District Court for the District of Columbia which the Plaintiff as well provided the court in the Plaintiff's pervious motion to enter discovery prior to getting

the Defendant's motion to dismiss or for summary judgment. As mention earlier the Defendants have failed to provide such documentation to justify any statements the Defendant and the Defendant's counsel wishes to make through written communication to the courts. In an attempt to mislead the courts, The Defendant and the Defendant's counsel have failed to justify their reason to intentionally withhold information the Plaintiff's sought to receive in a timely manner.

5. The Defendant and the Defendant's counsel has failed to comply to the court's summons on the rules to provide an answer to the complaint served upon the Defendant and the Defendant's counsel which clearly states an answer to the complaint which is served on you with this summons, within 60 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties of this action must be filed with the clerk of this court within a reasonable period of time after service. With that statement said on the record and with the Defendant's statement expressed in the Defendant's response submitted to the courts in the Defendant's statement of material facts which are not in genuine dispute which they are all in dispute.

The Defendant and the Defendant's counsel made such statement without any proof to backup such statements so that a

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

judge or jury can witness that such statements made in there response to the court are true under

The Plaintiff wishes to continue to add for the record, let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists.
Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the

Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

End of Complaint:

Respectfully submitted,

*[signature]*
Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601


**DISCOVERY ATTACHMENTS**:

**Exhibit # 4**: **The Default Paperwork & Affidavit of Service Paper work.**
**Exhibit # 5**: **Two pages of fact to show proof of FedEx Express Service Delivery and Delivery date served upon the Defendants to contradict statements made to mislead the court.**