UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0304 (RCL) |
| ) | |
| DEFENSE SECURITY (DSS) ) | |
| ADMINISTRATION. ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REQUEST & RESPONSE TO COURT AFTER RECEIVING THE DEFENDANT'S PLEADING REQUEST TO DISMISS OR FOR SUMMARY JUDGMENT [R. 15]**

Defendant responds to plaintiff's motion request and response to court after receiving the defendant's pleading request to dismiss or for summary judgment (Plaintiff's Motion - R. 15).

I.

Plaintiff claims that defendant's filing was untimely as it was not filed "within 10 days of May 31, 2006 which the Defendant and the Defendant's counsel failed to do or response [sic] to the court within the 60 days after being served." R. at p. 1. In connection with this argument, plaintiff attaches an affidavit in support of a default judgment.

A default judgment against defendant is clearly not warranted. Plaintiff apparently bases his request for default on his own calculations of the number of days defendant was given to file a dispositive motion. See R. 5 (Order of May 31, 2006). Pursuant to the Court's order of May 31, 2006, defendant's dispositive motion was due ten days after May 31, 2006, the date it was entered in the docket of this case. Id. Defendant's motion was filed on June 14, 2006, the 10th business day after entry of the Court's order. See R, 6 & R. 7.

Under Fed. R. Civ. P. 6(a), when the period of time is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation of time. Accordingly, defendant's filing was timely.

Even if defendant was untimely and a default (or default judgment) had been entered in this case, the Court would undoubtedly, in its discretion, have set aside such default for good cause shown. Fed. R. Civ. P. 55(c); see also Jackson v. Beech, 636 F. 2d 831, 835 (D.C. Cir. 1980).

Under Fed. R. Civ. P. 55(c), an entry of default may be vacated upon a showing of good cause. In making this determination, the Court may consider 1) whether the default was willful, 2) whether vacating the default would prejudice the plaintiff, and 3) whether a meritorious defense is alleged. Keegel v. Key West & Caribbean Trading Co., 627 F.2d 372, 373 (D.C. Cir. 1980) (citations omitted). As none of these grounds exist in this case, a default judgment would be inappropriate in any event. The record shows that defendant filed a timely dispositive motion. Plaintiff was not prejudiced in the prosecution of his case; indeed, he has had two opportunities to respond to defendant's motion. R. 11 and R. 15. Of additional importance is the fact that defendant has a meritorious defenses to plaintiff's complaint, which plaintiff has failed to rebut, as shown below.

II.

Plaintiff argues that defendant's dispositive motion [R. 6 & R. 7], is "vague, not accurate and correct." Plaintiff's Motion at pp. 1-2. Plaintiff asserts that the complete record of his FOIA request is not before the Court. Id. at pp. 3-4. He claims that "Defendant and Defendant's counsel have failed to understand the law . . ." and failed to "produce to the courts log sheets of pervious [sic] and back logs request as stated in their statements to the court to suffice for

substantive evidence to approve or prove any actions against the Plaintiff by the way of affidavit service, etc." Id at p 4 and p. 5, respectively.

Except for his affidavit in support of default, plaintiff provides no sworn declarations in support of his position. Accordingly, plaintiff's filing provides no responsive information or properly supported documents challenging defendant's submission as required by Fed. R. Civ. P. 56(c). At most, plaintiff's document resembles his earlier insufficient response [R. 11], entitled "Plaintiff's Motion Request to Response [sic] to Defendant's Actions to Defend Against Lawsuit.[sic] Plaintiff's Motion Request to Enter Discovery and Request for Judgement by Default" which defendant responded to on July 12, 2006. As plaintiff has failed once again to address defendant's properly supported dispositive motion, defendant's motion should be granted.

## Conclusion

For the reasons set forth herein and in defendant's motion to dismiss or for summary judgment, it is respectfully requested that defendant's motion be granted and this case dismissed, with prejudice. A proposed order is attached.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing memorandum was served by First-Class Mail; postage prepaid to:

        SAM L. CLEMMONS, *pro se*
        548 Saint Charles Place
        Brookhaven, MS 39601

on this 1st day of August, 2006.

                                              /s/
                                  CLAIRE WHITAKER,
                                  Assistant U.S. Attorney
                                  Judiciary Center Building
                                  555 Fourth St., N.W., Rm. E4204
                                  Washington, D.C. 20530
                                  (202) 514-7137