UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0304 (RCL) |
| ) | |
| DEFENSE SECURITY (DSS) ) | |
| ADMINISTRATION. ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION REQUEST TO SUBPOENA DUCES TECUM AFTER MOTION REQUEST TO ENTER DISCOVERY BUT BEFORE SUMMARY JUDGMENT HAS BEEN ISSUED [R.16]**

Defendant responds as follows to plaintiff's motion request to subpoena duces tecum after motion request to enter discovery but before summary judgment has been issued. (Plaintiff's Motion - R. 16).

In Plaintiff's Motion, plaintiff has once again requested that this Court order discovery in this Freedom of Information Act case.[1] Attached to his filing, plaintiff provides a subpoena commanding defendant's attorney, Claire Whitaker, to produce and permit inspection of "records for de novo" at the U.S. District Court for the District of Columbia, on August 3, 2006, at 10:00 a.m. The records that plaintiff requests are: "Defendant's employment records and transition of employees to confirm such statements provided to the court as truthful." Plaintiff's Motion at p. 2. Defendant is without sufficient information to understand what plaintiff is requesting with regard to employment records. Plaintiff also requests "log sheets of Freedom of Information Act

---

[1] A motion to stay discovery filed by defendant on July 12, 2006, is presently pending the Court's review.

requests . . . [that] should show the number of requests each week, month and year that is pending in such back log sheet . . ." Id.  Defendant does not know what log sheets that plaintiff has identified in this case.  Finally, plaintiff also asks the Court to direct defendant to provide "a communication letter stating to the Plaintiff the problem or cause in delaying [his] request." Id. Suffice it to say that even if defendant could identify what records plaintiff seeks, as there are no responsive records to plaintiff's FOIA request, there are no records to be produced that have any connection, whatsoever, with plaintiff's FOIA request.  Nevertheless, plaintiff submits that if these documents are not turned over, plaintiff is entitled to summary judgment in his favor.  He adds that he should be commended for reporting the problems "to the United States Government and the courts for correction according to the law." Id.

     Plaintiff has, once again, failed to set forth by affidavit the grounds for his discovery request. See Fed. R. Civ. P. 56(f).  Accordingly, plaintiff has not established that discovery is warranted and his motion should be denied.  Defendant also respectfully requests that this Court grant its motion to stay discovery.  As noted in defendant's motion to stay, this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974).  Indeed, staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1982), citing Westminster Investing Corp. v. G.C. Murphy Co., 434 F.2d 521, 526 (D.C. Cir. 1970).

Conclusion

Defendant has filed a dispositive motion which is now fully briefed. Since a ruling favorable to defendant will obviate the need for discovery, discovery will be a needless expenditure of resources for both parties, and the Court. Defendant respectfully requests that plaintiff's motion for discovery be denied and defendant's motion for stay be granted.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing memorandum was served by First-Class Mail; postage prepaid to:

> SAM L. CLEMMONS, *pro se*
> 548 Saint Charles Place
> Brookhaven, MS 39601

on this 1st day of August, 2006.

                                    /s/
                              CLAIRE WHITAKER,
                              Assistant U.S. Attorney
                              Judiciary Center Building
                              555 Fourth St., N.W., Rm. E4204
                              Washington, D.C.  20530
                              (202) 514-7137