## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| PLAINTIFF, *PRO SE* | ) | |
| | ) | **06-0304 (RCL)** |
| vs. | ) | |
| | ) | |
| DEFENSE SECURITY SERVICE (DSS) | ) | **August 16, 2006** |
| ADMINSISTRATION | ) | |
| DEFENDANT | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO RE [15] MOTION REQUEST BY PLAINTIFF TO SUBPOENA DUCES TECUM AFTER MOTION REQUEST TO ENTER DISCOVERY BUT BEFORE SUMMARY JUDGMENT HAS BEEN ISSUED (R.16) PLAINTIFF CONTINUE SUPPRESS SAME REQUEST FOR SUMMARY JUDGMENT BY DEFAULT OR SUMMARY JUDGMENT BY ADDING EXHIBIT # 6 & 7 TO THE RECORD OF FACTS.

Comes Plaintiff, *pro se.* file this response after coming off of medical orders to resume work (*See attachment label Exhibit # 7 to support any rebuttal by the Defendant's counsel*) in District Court for the District of Columbia in relating to the Defendant's responses to the court once again requesting the court to do something that is above, beyond and not necessary to dismiss such case based on the grounds that the Defendant and the Defendant's counsel has not justified in their actions or response to the court according to the standard operation and procedures of the Freedom of Information Act.

RECEIVED

AUG 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1   Once again the Plaintiff will establish in his submittal to

2   the court during this response and full justify why the

3   Defendant's counsel requests should not be honored. By now the

4   court should have received the Plaintiff's MOTION request for

5   summary judgment by default. Now the Plaintiff enter his sworn

6   Affidavit of Service verifying all information submitted to the

7   court is accurate, true and correct pursuant to 28 U.S.C. Sec.

8   1746 under oath so respectfully submitted in this court of law.

9   As of this date, the Plaintiff files this response to the

10  court requesting the court not to dismiss but request from the

11  court to compel the Defendant and the Defendant's counsel to

12  prove or validate their points they have provided the court

13  under the Defendant and Defendant's counsel Attachment A,

14  Declaration of Leslie R. Blake which is written and submitted by

15  Blake pursuant to 28 U.S.C. Sec. 1746, declaring under the

16  penalty of perjury that the foregoing is true and correct. Which

17  was execute on June 14, 2006 which is 49 calendar days in

18  responding to the court's instructions after being properly

19  served the summons to answer to the complaint being served upon

20  the Defendant by mean of Affidavit of Service with a certified

21  return receipt by means of the United States Postal Service. The

22  court demanded a response to be timely filed in this court of

23  law within **30 days** after service of this summons on you,

24  exclusive of the day of service. Meaning that Saturday and

1 Sunday does comply and does count in the days to response.

2 Except holidays and during this time of service the Defendant

3 and the Defendant's counsel is only exempt from one holiday and

4 that holiday is Memorial Day which now give the Defendant 48

5 calendar days in proper responding to the court. The Court

6 clearly expressed in the language while being properly served

7 that if you (the Defendant) fail to do so, judgment by default

8 will be taken against you for the relief demanded in the

9 complaint. Any answer that you (the Defendant) serve on the

10 parties to this action must be filed with the Clerk of this

11 Court within a reasonable period of time after service.

12 Therefore, with that statement express and stated for the record

13 the Plaintiff is requesting from the Defendant and the

14 Defendant's counsel to provide myself (the Plaintiff) and the

15 court with all Notice of Electronic Filing showing a date of May

16 26th, 2006 and June 14th, 2006.  These two documents should be

17 included in addition to the Plaintiff's Subpoena Duces Tecum

18 requested. They should show the court that such was properly

19 filed in a timely manner within the United States District Court

20 pursuant the Defendant's counsel knowledge of receipt to comply

21 with the provisions of this court and provide proven facts to

22 support the Defendant and the Defendant's counsel statements in

23 releasing their discovery to this honorable court.

The Plaintiff continue to express and state his stance due to the Defendant's counsel untimely responses and responses after the fact after being giving instructions by the court to file a dispositive motion within 10 days of May 31, 2006 which the Defendant and the Defendant's counsel failed to do or response to the court within the 30 days after being served. In the pervious communication the Plaintiff express or stated 60 days in error, according to the court record the Defendant and the Defendant's counsel had 30 days to response which validate the Plaintiff's Default argument.

The Plaintiff has submitted timely responses according to Fed R. Civ. P. 56(e) which states. Thus, parties such as plaintiff, who are adverse to a motion to dismiss, must rebut the moving party's affidavits with other affidavits or sworn statement; simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, a verified complaint shall serve as an affidavit.

In accordance with these ruling, the Court advises plaintiff that he must respond to defendant's motion to dismiss within ten (10) days from this date. If the plaintiff does not file a response within this prescribed time, the Court will treat the motion as conceded and will dismiss the complaint. Plaintiff must also respond to any future motions to dismiss or summary judgment motion filed by defendant in the case within

ten days of the date the motion is filed. Otherwise, the court will treat each such motion as conceded and will either dismiss the complaint or grant summary judgment in favor of the defendant.

With the last two paragraphs expressed and stated for the record. The Plaintiff has always responded on time and have rebuttal the facts why such complaint should not be dismissed by through and by means of Affidavit of Service of requesting to enter Motion to Enter Discovery and request to Subpoena Duces Tecum to move this complaint forward either for a jury trial or a Summary Judgment by Default or so that such Summary Judgment by the judge can be entered fairly without prejudice.

Once again as stated in the Plaintiff's pervious submission before the court in the Defendant Counsel's MOTION request to dismiss the Defendant Counsel's statements are still vague, not accurate and correct. The Defendant and the Defendant's counsel once again are trying to avoid the truth by intentionally and willfully leaving out key information as the Plaintiff so previously expressed to the court in the Plaintiff's initial complaint stating that the Defendants have failed to honor the Plaintiff's FOIA request and had denied all the Plaintiff's appeals to their denial.

Once again, going back to the Plaintiff's initial complaint request the Plaintiff continue to stress the Defendant and the

1    Defendant's counsel left out section II of the complaint stating

2    that the Defendants were served after faxing such request by

3    FedEx Express Service with the tracking numbers listed in the

4    initial complaint to confirm such request with the attached

5    documentation which has been added as Exhibit 5 for physical

6    proof of receipt to contradict with the Defendant's counsel's

7    statements concerning issues of the Defense Security Services

8    and federal employees employed within such agency for confirmed

9    violation of the laws so stated in the initial complaint before

10   the court.

11

12       Once again the Plaintiff's faxed requests for information

13   under the Freedom of Information Act was not the only requests

14   presented or submitted to the Defendant and the Defendant's

15   counsel.  Therefore, such claim presented by the Defendant's

16   counsel stating that both documents were located in DSS FOIA/PA

17   incoming mail which had not yet been open and assigned a Privacy

18   Act case number is misleading and is a wrongful attempt by both

19   the Defendant and the Defendant's counsel to mislead the court

20   and a jury into thinking that such information was sitting

21   without any knowledge of receipt of such request. When on

22   September 16, 2005 at 10:29 a.m. the Defendants received such

23   same request by FedEx Express Service under the tracking number

24   as stated in the initial's complaint of 850485718008 and

25   850485717994. The Plaintiff is requesting through the Defendants

1   to prove to the court that this statement of paragraph is not

2   true, accurate or correct according to the Plaintiff's facts

3   provided to the Court. It should be assume that this FedEx

4   Delivery was accepted and went unnoticed and too was never open

5   according to the Defendant and Defendant's counsel statements.

6   It should be reviewed in this court that the Plaintiff submitted

7   such FOIA request and paid for Express Service totaling

8   approximately $40.00 for nothing received in return and not even

9   an acknowledgement of receipt according to the laws and

10  instructions under the Freedom of Information Act.

11

12      1. Once again, according to the law the Defendant and the

13         Defendant's counsel must bring by the way to the courts

14         must bring the full and complete records before the

15         courts for *de novo* meaning to bring the complete records

16         from what the defendant's counsel express that exist and

17         happen in their statements before the courts and the

18         courts shall determine the matter of *de novo*, and may

19         examine the contents of such agency records in camera to

20         determine whether such records or any part thereof should

21         have been  withheld this long under any of the exemptions

22         set forth in subsection (b) of this section, and the

23         burden is on the agency to sustain its action. In

24         addition to any other matters to which a court accords

25         substantial weight, a court shall accord substantial

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

weight to an affidavit of an agency concerning the
agency's determination as to technical feasibility under
paragraph (2)(c) and subsection (b) and reproducibility
under paragraph (3)(B).

Since, the Defendant and the Defendant's counsel have
failed to understand the law and at first so expressly stated
that such agency did not have to response at all under the
Freedom of Information Act or just failed to honor the law or
any other provision of the law. The Defendants shall now serve
an answer or otherwise plea to any complaint such as this one
made under this subsection within 30 days after such service
upon the Defendant of the pleading in which such complaint is
made, unless the court otherwise directs for good cause shown.
As of this date, the court has not established any good cause
shown by the Defendant and the Defendant's counsel. Therefore,
The Defendant and the Defendant's counsel must turn over their
log sheets showing and validating all statements made in their
responses to the court. The Defendant must explain to the court
the following:

2. Why such receipt of submission by the Plaintiff by way of
   FedEx Express service on September 16, 2005 was not given
   or assigned a Freedom of Information Act/ Privacy Act
   Request or log number?

3. Why the Defendant's and the Defendant's counsel failed to
   acknowledge the Plaintiff's request for information
   sought under the Freedom of Information Act / Privacy Act
   which transpire into the Defendant and the Defendant's
   counsel wrongfully stating that not response is needed
   but the Defendant's counsel wish to later contradict its
   statements expressing difference.

As of this date, August 16, 2006, in response to the
Defendant's counsel response and plea to dismiss or requesting
to stay discovery pending the outcome of another case which is
before this honorable court that has nothing to do with the
outcome of this case. The Defendant and the Defendant's counsel
comes from a total separate independent agency that stands alone
from others. Therefore, The Defendant's time is up. If such stay
is granted then this crime which the Defendant has caused will
be more of a conspiracy crime. A conspiracy crime as stated by
the law is a combination for an unlawful purpose but the purpose
may be unlawful even if it would not be punishable if
perpetrated by one alone. The classis illustration of a
punishable conspiracy to do a non-criminal act is the
combination to defraud another without the use of a false token.
Such fraud is punishable today, even if perpetrated by one
alone, but before the English statue on false pretenses it was
punishable for two or more to combine to perpetrate such fraud.

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1  The rule of the common law that the purpose of an agreement may

2  be sufficiently "unlawful" to make the combination a conspiracy,

3  even if what is agreed upon is not itself punishable as a crime,

4  has been abandoned by many of the new codes. Under them a

5  conspiracy is a combination for the commission of a crime. For

6  the most part, harms deemed sufficiently "unlawful" to make the

7  combination therefore a conspiracy, have since been made

8  punishable as crimes, if they were not so at common law, and the

9  original rule is no longer necessary.[1]  The Defendant's counsel

10 has exhausted the additional 30 days as expressed under the

11 Freedom of Information Act. If the Defendant Counsel refuses to

12 produce after the Plaintiff's request to produce the log sheet

13 of Freedom of Information Act requests showing the Court the

14 backlog of case requests under the Freedom of Information Act

15 then the Plaintiff's Motion Request for Summary Judgment by

16 Default is a valid claim or argument and should be granted

17 without a doubt, but in favor, but in whole but in favor of the

18 Plaintiff without any prejudice.

---

[1]<u>Criminal Law and Procedure</u>, Cases and Materials-Sixth Edition,
Rollin M. Perkins and Ronald N. Boyce, page 361.

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1   The Plaintiff continue to add, in addition to the

2   Plaintiff's pervious Motion submission to the court requesting

3   to enter discovery and requesting summary judgment by default

4   should be granted due to other facts on the records in showing

5   strange signs of an intentional act to withhold and release

6   information to the Plaintiff that the Defendant can see that

7   does exist but due to the Defendant's actions of intentionally,

8   deliberately, willfully to withhold to keep the Plaintiff in the

9   dark and without acknowledge that such marked was illegally

10  placed on the Plaintiff's record for so many years as stated and

11  expressed in the Defendant's outlines before this court.

12  Therefore, the Defendant and the Defendant's counsel have once

13  again failed in the following areas listed below.

15  4. The Defendants have failed to honor and obey the laws

16     under the Freedom of Information Act as explained above.

17  5. The Defendants have failed to show just cause in

18     responding to the court after exhausting the time and

19     date to response according to the summons.

20  6. The Defendants have failed to produce a request to the

21     court for an extension for time to response attached with

22     an order from the court approving such extension. This

23     request could have been easily submitted and obtained at

24     the time the Defendant's counsel submitted his or her

25     notice of appearance by Claire M. Whitaker on behalf of

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

Defense Security (DSS) Administration (Whitaker, Claire)

on May 8th, 2006 at 4:57 p.m. and filed on May 8th, 2006.

7. As of this date this Motion is file in the courts, The

Defendants and the Defendant's counsel have once again

failed to produce to the courts any Freedom of

Information Act log sheets showing back logs requests as

stated in their statements to the court to suffice for

substantive evidence to approve or prove any delay

actions against the Plaintiff by the way of affidavit

service, etc.

Once again, The Plaintiff has requested from the

Defendant(s) under the Freedom of Information Act some of the

documents the Plaintiff finally and official received after

filing such lawsuit in the United States District Court for the

District of Columbia which the Plaintiff already provided the

court in pervious Exhibits and entries in the Plaintiff's

pervious Motion Request to Enter Discovery prior to getting the

Defendant's motion requests to dismiss or for summary judgment.

As mention earlier the Defendants have failed to provide

such documentation to justify any statements the Defendant and

the Defendant's counsel wishes to make through written

communication to the courts. In an attempt to mislead the

courts, The Defendant and the Defendant's counsel have failed to

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

justify their reason to intentionally withhold information the
Plaintiff's sought to receive in a timely manner.

5. As pervious argued in this complaint the Defendant and
the Defendant's counsel has failed to comply to the court's
summons on the rules to provide an answer to the complaint
served upon the Defendant and the Defendant's counsel which
clearly states an answer to the complaint which is served on you
with this summons, within 30 days after service of this summons
on you, exclusive of the day of service. If you fail to do so,
judgment by default will be taken against you for the relief
demanded in the complaint. Any answer that you serve on the
parties of this action must be filed with the clerk of this
court within a reasonable period of time after service. With
that statement said on the record and with the Defendant's
statement expressed in the Defendant's response submitted to the
courts in the Defendant's statement of material facts which are
not in genuine dispute which they are all in dispute and has
been in dispute since the Defendant failed to response in a
timely manner resulting in this default argument without genuine
or proper cause to enter a valid but supportive response.

The Defendant and the Defendant's counsel made such
statement without any proof to backup such statements so that a
judge or jury can witness that such statements made in there

1  response to the court are true and valid under the Freedom of

2  Information Act request.

3      The Plaintiff expresses to the Court that the Defendant

4  (DSS) should not be treated any difference from anyone else.

5  When you're late you're late. There is no excuse for a licensed

6  attorney to show up in any court of law in submitting an

7  untimely response according to the Courts' instructions. The

8  Defendant could have easily avoided this lawsuit by obeying the

9  laws under the Freedom of Information Act. The Defendants

10 refused to do so by stating or claim a responsive is not needed

11 or should not have been granted when the laws states difference.

12     The Plaintiff adds these two few scenarios to the rule on

13 the Plaintiff's requests. Scenario # 1: If the bank closes at

14 5:00 p.m. and such person knows this, would it be fair to

15 everyone if the bank allow this person to enter to handle and

16 conduct business at 5:15 p.m.? Scenario # 2: If the Post Office

17 closes at 5:00 p.m. and such person know this, would it be fair

18 to everyone if the post office only allow this person to enter

19 to handle and conduct business after 5:00 p.m. and allow such

20 person the only rights and privilege to back date postage to

21 enter a false submission of timely filing or responding to

22 pretend that such response was timely entered into the United

23 States Postal Service? The answer to both scenarios is no. It

24 will be unfair to everyone if one shows or allow prejudice over

25

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

others. Therefore, if the judge can use his or her five senses and see that the Defendant and the Defendant's counsel actions were wrong then it will only be fair for the court and to the court in not dismissing or honoring this Defendant's requests to dismiss or to stay discovery, etc. but to bring this case or matter before the court to a close in a timely manner so that other focus or business in the court can be addressed in other areas without wasting anymore unnecessary time and funds in this court in dealing with something that the Defense Security Service failed to do or handle properly according to the law.

The Defendants should be allow to seek and understand the policy and procedures of the Freedom of Information Act to get a fully understand of the term *de novo* and The Freedom of Information Acts' log sheet requests that should be maintain according to the laws and instructions of the Freedom of Information Act mandate by the United State Congress.

In addition, I the Plaintiff would like to add this insert according to the Freedom of Information Act:

In closing, let the law stand and the law states itself in saying, according to section (b) of the Freedom of Information Act it clearly states that on complaint, the District Court of the United States in the District in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia.

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1  This District Court has jurisdiction to enjoin the agency from

2  withholding agency records and to order the production of any

3  agency records improperly withheld from the complainant. In such

4  a case the court shall determine the matter *de novo* in what the

5  Plaintiff has requested in this MOTION and Subpoena requests

6  before the courts. The Court may examine the contents of such

7  agency records in camera to determine whether such records or

8  any part thereof shall be withheld under any of the exemption

9  set forth in subsection (b) of this section, and the burden is

10  on the agency (The Defendants, DSS) to sustain its action. In

11  addition to any other matters to which a court accords

12  substantial weight, a court shall accord substantial weight to

13  an affidavit of an agency concerning the agency's determination

14  as to technical feasibility under paragraph (2)(c) and

15  subsection (b) and reproducibility under paragraph (3)(b). It is

16  known for the records that whenever the court orders the

17  production of any agency records improperly withheld from the

18  complainant (the Plaintiff) and assesses against the Untied

19  States reasonable attorney fees and other litigation costs, and

20  the court additionally issues a written finding that the

21  circumstances surrounding the withholding raise questions

22  whether agency personnel acted arbitrarily or capriciously with

23  respect to the withholding, the Special Counsel shall promptly

24  initiate a proceeding to determine whether disciplinary action

25  Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1  is warranted against the officer or employee who was primarily

2  responsible for the withholding. The Special Counsel, after

3  investigation and consideration of evidence submitted, shall

4  submit his finding and recommendations to the administrative

5  authority of the agency concerned and shall send copies of the

6  finding and recommendations to the officer or employee or his

7  representative. The administrative authority shall take the

8  corrective action that the Special Counsel recommends. In this

9  case today before the courts special actions needs to be

10 administrated upon the Defendant's counsel for coming into the

11 honorable courts and trying to mislead the courts and failure to

12 present the facts according to the statements made in their

13 submissions to the courts causing **all** theirs statements to be in

14 dispute and in question.

15     The Plaintiff is requesting the facts to every statement

16 such Defendant and Defendant's counsel wish to make. "Without

17 facts, you have nothing" "You must provide the facts, proof to

18 support your statements or claim in any court of law."

19     In closing of this summary judgment and according to

20 section (5), the Attorney General of the Untied States should

21 use this case upon his submission of submitting an his annual

22 report on or before April 1 of each calendar year which shall

23 include for the prior calendar year a listing of the number of

24 cases arising under this section, the exemption involved in each

25

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

case, the disposition of such case, and the cost, fee and
penalties assessed under subparagraphs (E),(F), and (G) of
subsection (a)(4). Such report shall also include a description
of the efforts undertaken by the Department of Justice to
encourage agency compliance with this section. As for the
record, the court can see by the Defendant long drawn out
process and proof in failure to comply with the laws. This case
should be given congressional attention and interest in
establishing severed punishment to those who failed to obey the
law, comply with the law and provide truthful information within
the law and under the law.

The Plaintiff states for the record, if the Federal Bureau
of Investigation can set the bar by providing its correspondence
to the facts without the Plaintiff submitting a Freedom of
Information request why couldn't the Defense Security Service do
the same?

The Plaintiff wishes to continue to add for the record, let
it be known when considering a motion for summary judgment, it
is known that the court must examine all evidence in the light
most favorable to the Plaintiff (nonmoving party). I would
advise the Defendants to consider case laws *Langley v. Adams
County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a
moving party (the Defendant) bears the burden of proof at trial
is entitled to summary judgment only when the evidence indicates

that no genuine issue of material fact exists.

Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987

F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant)

does not bear the burden of proof at trial, it must show "that

there is an absence of evidence to support the nonmoving party's

(the Plaintiff) case". In this case the nonmoving party (the

Plaintiff) has expressed evidence. The Plaintiff has given

names, dates, times and key information when such request for

information was submitted to support the Plaintiff's claim.

Therefore, case law to consider: _Celotex Corp. v. Catrett_, 477

U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds

no merit in this case matter. The Federal Insurance Company

under the defendant's Crime Insurance Policy, provided by the

Defendant (hereinafter the "Federal Policy", and therefore the

Defendant has sustained no loss in this action, nor did the

Plaintiff cause any hurt or harm to the Defendant, the Defendant

caused this action or judgment upon itself (The Agency, Defense

Security Service Administration) _see_ Fed. Rules Civ.Proc. Rule

17, 28 USCA and complete understanding of Federal Regulation 111

ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

    End of Motion Request to Initial Complaint submission,
Plaintiff's Opposition Statements against Defendants and
Plaintiff's Motion request to continue to suppress for Summary
Judgment for by Default or Summary Judgment by the Court
submitted.


Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

Pursuant to 28 U.S.C. Sec. 1746, I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath making this submission and others statements, responses or submission are sworn Affidavit under oath this date forth for the record.

Respectfully submitted,

Sam L. Clemmons, Plaintiff *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601


Notary Witness Signature                Date and Notary Seal


Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651



# Attachment A

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS,                        )
                                        )
                Plaintiff               )
                                        )        Civil Action No. 06-0304 (RCL)
        v.                              )
                                        )
DEFENSE SECURITY (DSS)                  )
ADMINISTRATION,                         )
                Defendant               )
_____        )

## DECLARATION OF LESLIE R. BLAKE

I, Leslie R. Blake, declare the following to be true and correct.

1.      I am the Chief of the Office of Freedom of Information and Privacy (FOIA/PA) for the Defense Security Service. In this capacity, I am responsible for the management of the DSS FOIA/PA Program and its assigned resources. I have held this position since November 1996 and am familiar with its operations.

2.      As an organization, DSS is a separate agency of the Department of Defense (DoD) operating under the direction, authority, and control of the Under Secretary of Defense (Intelligence).

3.      DSS was established by the Secretary of Defense effective January 1, 1972, and was responsible for two major defense programs. First, DSS conducted all personnel security investigations for Department of Defense components and agencies, and when authorized, also conducted investigations for other U.S. Government activities. Second, DSS is responsible for the Defense Industrial Security Program for Safeguarding Classified Information. In February of 2005 the Personnel Security Investigative function of the agency was transferred outside DoD to the U.S. Office of Personnel Management.

-1-

4.    I have received and reviewed plaintiffs' complaint with respect to DSS' failure to respond to plaintiff's FOIA/PA request. I have also reviewed the DSS FOIA/PA file concerning plaintiff.

The DSS method of searching for investigative material responsive to a FOIA/PA request involves the use of DOD's Defense Clearance and Investigative Index (DCII), a consolidated listing of files held by investigative components of the Defense Department. The DCII is searched by reference to the individual's full name and Social Security Number. DSS file listings are retained in the DCII by DSS for 15 to 25 years from the date of the last investigation, depending on the nature of the information in the file. Accordingly, any individual who has been investigated by DSS in the past 15 to 25 years would be identified. Once the Index identifies an individual as having an investigation with a dossier, a copy of that document/dossier can be ordered from the DSS records repository. Favorable non field investigations such as electronic National Agency Checks (NAC'S) for lower level clearances do not generally contain paper files so the DCII only reflects the fact at a NAC was completed and the date of completion. DCII is also a Joint DOD system so listings could reflect other DOD investigative actions.

5.    Upon receipt of plaintiffs' complaint I directed the DSS Privacy Act Branch in Linthicum, MD to conduct a search for plaintiffs' FOIA request. The DSS Privacy Branch located two pieces of correspondence from Plaintiff, attached hereto as Exhibit 1:  A July 25, 2005 facsimile and letter requesting release of all background information pertaining to plaintiff; and a July 25, 2005 facsimile and letter with an attached Power of Attorney signed on July 26, 2005.  Both documents were located in DSS FOIA/PA incoming mail which had not yet been opened and assigned a Privacy Act case number. Therefore, DSS had not yet sent plaintiff an acknowledgement of receipt of his FOIA/PA request at the time the plaintiff filed his complaint.

6.    In February of 2005 the Defense Security Service (DSS) underwent a reorganization of the agency which involved the mass transfer of most all the DSS employees to another instrumentality of the U.S. Government (U.S. Office of Personnel Management). As a result of this mass transfer of personnel and the reassignment of other personnel who stayed with the agency, the DSS Office of Freedom of Information and Privacy (FOIA/PA) was left with a total of two individuals to handle an annual FOIA/PA request rate of between seven and ten thousand cases per year, with 600 new requests coming in each and every month. In November 2005 the DSS employee assigned to the Privacy Act Branch in Linthicum.

-2-

Maryland was called to active duty in the US Air Force and sent to the Middle East. Therefore, this left the agency with only one employee to handle the entire FOIA/PA workload. Because of this significant workload which currently exceeds nine thousand pending FOIA/PA requests, DSS was not then and is not now able to make a response determination to a requester within FOIA's 20 day statutory time frame. In order to be fair to each requester DSS processes each request in a multitrack system, based on a first-in, first-out concept, and rank ordered by the date of the request, the amount of work and time involved in processing the request, and whether the request qualifies for expedited processing. Based on plaintiffs' correspondence, it did not meet DoD requirements for expedited processing, which generally is only given to individuals who can demonstrate a "compelling need" for the information or show an imminent loss of substantial due process rights should they not receive the information in a certain timeframe. Accordingly, the reason DSS did not respond to plaintiffs' request is because we had not yet processed his FOIA/PA action and if his recent court action had not come to our attention, his case probably would not have been processed until about August 2006, as we, the FOIA/PA Office, are not anticipating any additional resources in the near future due to budget restraints on the agency. It should also be noted that plaintiff did not, pursuant to FOIA/PA procedures, exhaust all available administrative remedies through pursuit of an access appeal to the agency for his records. Had this been accomplished, DSS would have given plaintiffs' request a higher priority as FOIA/PA appeal actions are handled by the agency Appellate Authority, not the Privacy Act Office.

7.    Since however the plaintiff's case has now come to my attention, I directed my Privacy Act Branch Chief, Mr. Salvatore J. Demarco to complete plaintiff's request out of turn. A search of the automated indices to our central records system files at DSS located no records responsive to Plaintiffs' FOIA request. A search of the Defense Clearance and Investigative Index (DCII), a consolidated listing of files held by investigative components of the Defense Department, indicates plaintiff had a National Agency Check (NAC) completed on him in March of 1989 and that the Department of Army, Army Criminal Records Division (ACRD) maintains a 1994 file pertaining to plaintiff. Results of favorable NAC checks are only retained in electronic format and recorded in the DCII. Other than the DCII printout, there are no additional records pertaining to plaintiff. Since DSS has no authority to release third agency material, Plaintiff would have to request any ACRD records directly from the Department of the Army. By letter dated May 17, 2006 (Exhibit 2), plaintiff was provided with a response to his July 2005 correspondence.

-3-

8.    Pursuant to 28 U.S.C. Sec. 1746, I declare under the penalty of perjury that the foregoing is true and correct. Executed on *June 14, 2006* .

LESLIE R. BLAKE
Chief, FOIA/PA
Defense Security Service

-4-

**DISCOVERY ATTACHMENTS:**

**Exhibit # 1-3:** Have already been submitted in the Court as part of record.
**Exhibit # 4:** The Default Paperwork & Affidavit of Service Paper work. (Has been submitted)
**Exhibit # 5:** Two pages of facts to show proof of FedEx Express Service Delivery and Delivery date served upon the Defendants to contradict statements made to mislead the court. (Has been previously submitted)These pages should confirm the Plaintiff's claim as true, accurate and correct with just cause to dispute or rebuttal any of the Defendant's counsel arguments.
**Exhibit # 6:** One page of page # 3 from the Office of Personal Management showing the court confirmed verified, accurate and serious issues with DCII (Defense Security Service Administration) that makes this lawsuit confirmed with merit.
**Exhibit # 7:** One page of Medical Evidence to squash any argument by the Defendant's counsel expressing late in responding according to the Defendant's requests to dismiss or stay discovery.


**Cc: Affidavit of Service by means of Certified Mail Receipt:**

1. **Attorney General Office for Review and Report** Certified Mail Receipt #: 7006 0810 0002 9190 1125
2. **Defense Security Service Administration** Certified Mail Receipt #: 7005 1820 0007 3370 8355
3. **United States District Court for the District of Columbia, U.S Postal Service Express Mail Service #: EQ 242 463 375 US**

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651