UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS,                    )<br>                                                )<br>                                                )<br>              Plaintiff,             )<br>                                                )<br>    v.                                       )   Civil Action No. 06-0304 (RCL)<br>                                                )<br>DEFENSE SECURITY (DSS)      )<br>ADMINISTRATION.                 )<br>              Defendant.           )<br>                                                )  | |

**DEFENDANT'S RENEWED MOTION TO STAY DISCOVERY
AND OPPOSITION TO PLAINTIFF'S MOTION REQUEST FOLLOWING
PROPOSED ORDERS SUBMITTED TO COURT REQUESTING CASE TO BE
CLOSED FOR SUMMARY JUDGMENT BY DEFAULT DUE TO FRAUD REVEAL,
FOUND AND LOCATED BY THE PLAINTIFF AGAINST THE DEFENDANTS**

For the third time in this Freedom of Information Act litigation, plaintiff has filed discovery requests with the Court directed to defendant Defense Security Administration. See R. 12, 16 and 22.  Defendant herein opposes plaintiff's new request for discovery [R. 22] and renews its motion for a stay of discovery [R. 13 & 14] pending the resolution of its pending dispositive motion. R. 6.

A memorandum in support of defendant's renewed motion to stay discovery and in opposition to plaintiff's new discovery requests is attached.  A proposed order is also attached.

                              Respectfully submitted,

                              _____/s/_____
                              JEFFREY A. TAYLOR , D.C. Bar # 498610
                              United States Attorney

         _____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

         _____/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W. E-4204
Washington, D.C. 20530
202-514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SAM L. CLEMMONS,            )<br>                              )<br>            Plaintiff,     )<br>                              )<br>   v.                         )<br>                              )<br> DEFENSE SECURITY (DSS)       )<br> ADMINISTRATION.              )<br>            Defendant.        )<br>                              ) | Civil Action No. 06-0304 (RCL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S RENEWED MOTION TO STAY AND IN OPPOSITION
TO PLAINTIFF'S MOTION REQUEST FOLLOWING
PROPOSED ORDERS SUBMITTED TO COURT REQUESTING CASE TO BE
CLOSED FOR SUMMARY JUDGMENT BY DEFAULT DUE TO FRAUD REVEAL,
FOUND AND LOCATED BY THE PLAINTIFF AGAINST THE DEFENDANTS**

Defendant responds to "PLAINTIFF'S MOTION REQUEST FOLLOWING PROPOSED ORDERS SUBMITTED TO COURT REQUESTING CASE TO BE CLOSED FOR SUMMARY JUDGMENT BY DEFAULT DUE TO FRAUD REVEAL [sic], FOUND AND LOCATED BY THE PLAINTIFF AGAINST THE DEFENDANTS [sic]." R. 22. In substance, plaintiff's motion is a third request for discovery in this fully-briefed Freedom of Information Act case. Because a motion for summary judgment has been filed pursuant to Fed. R. Civ. R. 56(c), and plaintiff has failed to satisfy the requirements of Rule 56(f), his request for discovery should be rejected. In any event, it is clear that plaintiff's discovery requests should be stayed pending a resolution of defendant's pending dispositive motion. Accordingly, defendant hereby renews its motion to stay discovery, filed on July 12, 2006. See R. 13 & 14.

DISCUSSION

In this Circuit, discovery is to be sparingly granted in FOIA actions. Typically, it is limited to investigating the scope of the agency search for responsive documents, the agency's indexing procedures, and the like. SafeCard Servs. v. SEC, 926 F.2d 1197, 1200-02 (D.C.Cir.1991). If a court is satisfied that the affidavits supplied by the agency meet the established standards for summary judgment pursuant to Fed. R. Civ. 56(c) in a FOIA case and that plaintiff has not adequately called these submissions into question, no factual dispute remains, and discovery is inappropriate. See Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978) (when affidavit requirements are met, judge has discretion to forgo discovery and award summary judgment on the affidavits). Most significantly, this circuit has noted that discovery is not to be granted when the discovery is sought for the "bare hope of falling upon something that might impugn the affidavits" submitted by the agency. Founding Church of Scientology v. NSA, 610 F.2d 824, 836-37 n. 101 (D.C.Cir.1979) (*citing* Goland, 607 F.2d at 355).

When a motion for summary judgment is pending, as in the instant case, the appropriate vehicle for seeking discovery is a Rule 56(f) motion accompanied by an affidavit in support of said motion. See Fed. R. Civ. P. 56(f).  The party seeking discovery bears the burden of identifying the facts to be discovered that would create a triable issue and why the party cannot produce those facts in opposition to the motion. See Byrd v. EPA, 174 F.3d 239, 248 n. 8 (D.C. Cir. 1999), *cert. denied*, 528 U.S. 876 (1999).  In this case, plaintiff has failed to provide a Rule 56(f) motion accompanied by a supporting affidavit.  He simply submits new discovery.  Of additional note is that the discovery he propounds, *i.e.,* requests for admissions and for documents, seeks random information of no fathomable relevance to this case.  For instance, in

2

Document Request No. 18, plaintiff seeks production of "all documents where it clearly states that no probable cause does not have to exist for an investigation to be made according to the United States Constitution for example you can use case laws to establish your defense." Indeed, nothing in plaintiff's filing addresses his inability to respond to defendant's dispositive motion.  As plaintiff has failed to establish that he is unable to respond to defendant's motion, discovery is inappropriate at this stage of the proceedings. See Fed. R. Civ. P. 56(f).

As noted in defendant's motion to stay filed on July 12, 2006 [See R. 13 & 14], this Court has "broad discretion in granting or denying stays so as 'to coordinate business of [the] court efficiently and sensibly.'" McSurely v. McClellan, 426 F.2d 664, 671 (D.C. Cir. 1970) (*quoting* Landis v. North American Co., 299 U.S. 248, 254-55 (1936)); see also White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C.Cir.1990); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988).  Staying discovery pending resolution of a potentially dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Chavous, et al. v. D.C. Financial Responsibility and Management Assistance, 201 F.R.D. 1, 2 (D.D.C. 2001)(*citing* Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979)).  Defendant urges the Court to grant a stay of discovery in this case pending resolution of defendant's pending dispositive motion.

## CONCLUSION

Accordingly, defendant respectfully requests that plaintiff's motion for discovery [R. 22] be denied and its motion to stay discovery be granted.  A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing motion, memorandum and proposed order were served by First-Class Mail; postage prepaid to:

  SAM L. CLEMMONS, *pro se*
  548 Saint Charles Place
  Brookhaven, MS 39601

on this 6th day of March, 2007.

              /s/
              CLAIRE WHITAKER,
              Assistant U.S. Attorney
              Judiciary Center Building
              555 Fourth St., N.W., Rm. E-4204
              Washington, D.C. 20530
              (202) 514-7137