## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS                         CIVIL ACTION NO:
    PLAINTIFF

                          _____

V                                       Revised Copy

Defense Security (DSS) SERVICE.
    DEFENDANT                           **June 24, 2006**

_____

## PLAINTIFF'S MOTION REQUEST TO RESPONSE TO DEFENDANT'S ACTIONS TO DEFEND AGAINST LAWSUIT.PLAINTIFF'S MOTION REQUEST TO ENTER DISCOVERY AND REQUEST FOR JUDGEMENT BY DEFAULT

Comes Samuel L. Clemmons, Jr. file this response in District Court for the District of Columbia against the Defense Security Services and federal employees, employed within such agency for confirmed violation of the laws so stated in the initial complaint before the court.

The Plaintiff will prove to the court possible involvement with another federal agency that such other agency has been found guilty of wrongdoing and to be in violation of the Freedom of Information Act, Privacy Act and other crimes.

On June 22, 2006, after the Plaintiff's returned from person leave and other setbacks the Plaintiff does acknowledge before the court that the Plaintiff did receive such

correspondence from the Defendants. The Plaintiff received the

Defendant's defense submission before the court with a confirmed

delivery stamp by the United States Postal Service as being

unknown. The mailing appears to have been ran through the

agency's private mailing machine but the documents inside with a

certificate of service being May 26th, 2006 which is a date late

after the official date of being served the summon which was on

April 25th, 2006. The Court did not get any response from the

Defendant or the Defendant's counsel until May 31, 2006

instructing the Defendant under a judge order stating: ORDER –

If defendant expects to file a dispositive motion herein, it

shall do so within 10 days of this date. SO ORDERED. Signed by

Judge Royce C. Lamberth on May 31, 2006. Since such order the

Plaintiff states, as of this date this motion response is

submitted into the court records. The Defendant still has not

honored such order given which now makes the Defendant to be in

default according to the initial's instructions presented to the

Defendant after being served properly by the Plaintiff.

   In addition to the Defendant's defense response, the

Defendant's counsel expresses to the court and to the Plaintiff

that according to such stated paragraph III that no response is

required even after being served a court's summons. If such is

true why have Member of Congress mandated all government

agencies to comply by law in responding back to requestors after

requesting information from theirs private but personal files?
If such laws are not true then why such law expresses and states
to all citizens under the Freedom of Information Act that anyone
can obtain his or her personal files. Anyone can verify,
correct, supplement or remove information from such person or
persons government files that can adversely impact such person
or persons future promotion, security clearance, veterans or
social security benefit and more. If such statement is true the
Defendant is saying no and that no government agency has to do
what the law so states for anyone to correct or review their
files from those who have committed an illegal act within the
government. Such comment made by the Defendant is outrageous and
is completely misleading, not accurate, true and without merit.

According to the law, any and all agencies have **20 days** to
comply with such Freedom of Information Act's request. If such
is denied such person as I (the Plaintiff) should be offered the
rights to enter an appeal which I was denied completely by the
Defendants' negligence acts in failures to honor my requests and
response to the Plaintiff in a timely fashion.

The Plaintiff will submit such evidence to the court in the
Plaintiff's motion request to enter discovery that will be
**Exhibit # 1** consisting of eleven pages. (See Plaintiff's motion
request to enter discovery).

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

The Defendant's denies any wrongdoing in paragraph number IV which the Plaintiff disagree. For the record, it shows that the Defendant knew about a negative record existed against the Plaintiff but failed to release the information to the Plaintiff according to the Freedom of Information Act and Privacy Act requests. The Defendant mailed information outside the court's instructions in responding to the Plaintiff on May 18th, 2006 but failed to mail such same information to the court according to the court's instructions upon officially but legally being served with specific instructions. This appears to be an attempt to side track the court when such same information should have been mailed to the court in the Defendant's response or defense statements to the court. The Plaintiff will provide this information to the court in the Motion to Enter Discovery section of this Plaintiff's response to the court. Such information will be place in **Exhibit # 2**.

After the court thorough review of the facts and documents requested the court will be able to confirm that this was an intentionally act by the Defendant to withhold the truth from the Plaintiff. The Defendant intentionally withheld information from the Plaintiff committing a deliberately act with malice to continue to cause hurt and harm to the Plaintiff. This was done after the Defendant received something from the Army Crime Record Center without any proof, certification or court

documents to support such wrongful actions. Making the actions performed by the Defendant to be an accessory to the crime or crimes committed against the Plaintiff to ruin, tarnish and destroy the Plaintiff's career and career opportunities while living and working under the laws in the United States of America.

The Plaintiff file this motion request before the court to enter the discovery so that the discovery can be and will be used during the judge's actions to complete the summary judgement by default against the Defendant but in favor of the Plaintiff in whole.

In rebuttal to the Defendant's counsel statement in the second defense stating the Plaintiff failed to state a claim upon which relief can be granted. The only relief that can be granted is the removal of all wrongful, illegal but negatives remarks someone from your staff allowed to be entered against me without any confirmation that such is true. By these acts and these acts alone the Plaintiff has acknowledge that the parties who played a part in this was successful in ruining Plaintiff's career in the United States of America. The only other relief the Plaintiff can received to be brought whole again is for the Defendant's counsel to be instructed to submit such award sought due to being in default and the truthful acknowledgement the Defendants played in this act. The Plaintiff ask the Defendant's

1   counsel to think for a second, who would want to hire the

2   Plaintiff now after the Plaintiff has been successful in

3   pleading his case before the court? How many of people who may

4   have been caught up in this are they still working for the

5   government? The trust factor will never be the same. The

6   Plaintiff has already been label. The Plaintiff needs every bit

7   of this award sought for proper but legal protection against

8   continuous wrongdoing against those who feel as if they can go

9   above and beyond the law to cause harm to others as myself. As

10  well as to other family members of mine; therefore, the

11  Defendant should submit such award through the court within 20

12  days after the Defendant's counsel has received the summary

13  judgement by default paper work from the court. Such amount due

14  or owe to the Plaintiff should be **15,000,000.00** after taxes.

15      The Plaintiff wishes to continue to add for the record, let

16  it be known when considering a motion for summary judgment, it

17  is known that the court must examine all evidence in the light

18  most favorable to the Plaintiff (nonmoving party). I would

19  advise the Defendants to consider case laws *Langley v. Adams*

20  *County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a

21  moving party (the Defendant) bears the burden of proof at trial

22  is entitled to summary judgment only when the evidence indicates

23  that no genuine issue of material fact exists.

24  Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987

F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

        End of Complaint:

                                        Respectfully submitted,

                                        Sam L. Clemmons, Plaintiff Pro Se
                                        548 Saint Charles Place
                                        Brookhaven, MS 39601

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>DISCOVERY ATTACHMENTS</u>:

    <u>Exhibit # 1</u>: **Eleven pages of fact requesting information under the Freedom of Information and Privacy Act.**

    <u>Exhibit # 2</u>: **Three pages from Defense Security Service after being served a summons to response to the court and the Plaintiff with information within 30 days as given and served upon the Defendant by way of certified mail delivery on April 26 & April 27, 2006.**

    <u>Exhibit # 3</u>: **Three pages from the Department of the Army that can served as a rebuttal to the Defendant's paperwork in <u>Exhibit # 2</u> and against the Defendant's statement a response is not need or justified upon a person asking, requesting information under the Freedom of Information Act.**

    <u>Exhibit # 3</u>: **The Default Paperwork & Affidavit of Service**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAM L. CLEMMONS ) | **CIVIL ACTION NO:** |
| PLAINTIFF, PRO SE ) | |
| ) | **06-0304 (RCL)** |
| vs. ) | |
| ) | |
| Defense Security (DSS) SERVICE. ) | **July 14, 2006** |
| DEFENDANT ) | |
| ) | |
| ) | |
| ) | |

**PLAINTIFF'S MOTION REQUEST & RESPONSE TO COURT AFTER RECEIVING**

**THE DEFENDANT'S PLEADING REQUEST TO DISMISS OR FOR SUMMARY**

**JUDGEMENT**

Comes Plaintiff, pro se. file this response in District Court for the District of Columbia in relating to the Defendant's response to the court requesting to dismiss such case base on the grounds established in its submittal to the court after the court has received the Plaintiff's MOTION request for summary judgment by default.

Due to the Defendant untimely responses and responses after the fact after being giving instructions by the court to file a dispositive motion within 10 days of May 31, 2006 which the Defendant and the Defendant's counsel failed to do or response to the court within the 60 days after being served.

In the Defendant's MOTION request to dismiss the Defendant's statements were still vague, not accurate and

1  correct. The Defendant and the Defendant's counsel intentionally

2  and willfully left out key information as the Plaintiff so

3  expressed to the court in the Plaintiff's initial complaint

4  stating that the Defendants has failed to honor the Plaintiff's

5  FOIA request and had denied all the Plaintiff's appeals to their

6  denial.

7      The Defendant and the Defendant's counsel left out section

8  II of the complaint stating that the Defendants were served

9  after faxing such request by FedEx Express Service with the

10 tracking numbers listed in the initial complaint to confirm such

11 request with the attached documentation which will be added as

12 Exhibit 5 for physical proof of receipt to contradict with the

13 Defendant's counsel's statements of against the Defense Security

14 Services and federal employees, employed within such agency for

15 confirmed violation of the laws so stated in the initial

16 complaint before the court.

17     By fax request for information under the Freedom of

18 Information Act was not the only request presented to the

19 Defendant and the Defendant's counsel. Therefore, such claim

20 presented by the Defendant's counsel stating that both documents

21 were located in DSS FOIA/PA incoming mail which had not yet been

22 open and assigned a Privacy Act case number is misleading and is

23 a wrongful attempt by both the Defendant and the Defendant's

24 counsel to mislead the court and a jury into thinking that such

25

1  information was sitting without any knowledge of receipt of such

2  request. When on September 16, 2005 at 10:29 a.m. the Defendants

3  received such same request by FedEx Express Service under the

4  tracking number as stated in the initial's complaint of

5  850485718008 and 850485717994.

6    1. According to the law the Defendant and the Defendant's

7     counsel must bring by the way to the courts must bring

8     the full and complete records before the courts for *de*

9     *novo* meaning to bring the complete records from what the

10     defendant's counsel express that exist and happen in

11     their statements before the courts and the courts shall

12     determine the matter of *de novo*, and may examine the

13     contents of such agency records in camera to determine

14     whether such records or any part thereof should have been

15     withheld this long under any of the exemptions set forth

16     in subsection (b) of this section, and the burden is on

17     the agency to sustain its action. In addition to any

18     other matters to which a court accords substantial

19     weight, a court shall accord substantial weight to an

20     affidavit of an agency concerning the agency's

21     determination as to technical feasibility under paragraph

22     (2)(c) and subsection (b) and reproducibility under

23     paragraph (3)(B).

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

Since, the Defendant and the Defendant's counsel have

failed to understand the law and at first so expressly stated

that such agency did not have to response at all under the

Freedom of Information Act or just failed to honor the law or

any other provision of the law. The Defendant shall now serve an

answer or otherwise plead to any complaint such as this one made

under this subsection within 30 days after such service upon the

Defendant of the pleading in which such complaint is made,

unless the court otherwise directs for good cause shown. The

Defendant and the Defendant's counsel must turn over it log

sheets showing and validating all statements made in their

responses to the court. The Defendant must explain to the court

why such receipt of submission by the Plaintiff by way of FedEx

Express service on September 16, 2005 was not given or assigned

a Freedom of Information Act/ Privacy Act Request or log number?

Why the Defendant's and the Defendant's counsel failed to

acknowledge the Plaintiff's request for information sought under

the Freedom of Information Act / Privacy Act which transpire

into the Defendant and the Defendant's counsel wrongfully

stating that not response is needed but the Defendant's counsel

wish to later contradict its statements expressing difference.

In addition to the Plaintiff's pervious Motion submission

to the court requesting to enter discovery and requesting

summary judgment by default should be granted due to other facts

on the records in showing strange signs of an intentional to
withhold and release information to the Plaintiff that the
Defendant can see that exist but due to the Defendant's actions
of intentionally, deliberately, willfully to withhold to keep
the Plaintiff in the dark and without acknowledge that such
marked is on his record for so many years as stated in express
in the Defendant's outlines before the court. Therefore, the
Defendant and the Defendant's counsel have failed in the
following areas listed below.

2. The Defendants have failed to honor and obey the laws
   under the Freedom of Information Act as explained above.

3. As of this date this addendum is file in the courts, The
   Defendants and the Defendant's counsel have failed to
   produce to the courts log sheets of pervious and back
   logs request as stated in their statements to the court
   to suffice for substantive evidence to approve or prove
   any actions against the Plaintiff by the way of affidavit
   service, etc.

Once again, The Plaintiff has requested from the
Defendant(s) under the Freedom of Information Act such documents
the Plaintiff finally and official received after filing such
lawsuit in the United States District Court for the District of
Columbia which the Plaintiff as well provided the court in the
Plaintiff's pervious motion to enter discovery prior to getting

1  the Defendant's motion to dismiss or for summary judgment. As

2  mention earlier the Defendants have failed to provide such

3  documentation to justify any statements the Defendant and the

4  Defendant's counsel wishes to make through written communication

5  to the courts. In an attempt to mislead the courts, The

6  Defendant and the Defendant's counsel have failed to justify

7  their reason to intentionally withhold information the

8  Plaintiff's sought to receive in a timely manner.

9  

10  5. The Defendant and the Defendant's counsel has failed to

11  comply to the court's summons on the rules to provide an answer

12  to the complaint served upon the Defendant and the Defendant's

13  counsel which clearly states an answer to the complaint which is

14  served on you with this summons, within 60 days after service of

15  this summons on you, exclusive of the day of service. If you

16  fail to do so, judgment by default will be taken against you for

17  the relief demanded in the complaint. Any answer that you serve

18  on the parties of this action must be filed with the clerk of

19  this court within a reasonable period of time after service.

20  With that statement said on the record and with the Defendant's

21  statement expressed in the Defendant's response submitted to the

22  courts in the Defendant's statement of material facts which are

23  not in genuine dispute which they are all in dispute.

24  

25  The Defendant and the Defendant's counsel made such

statement without any proof to backup such statements so that a

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

judge or jury can witness that such statements made in there
response to the court are true under

The Plaintiff wishes to continue to add for the record, let
it be known when considering a motion for summary judgment, it
is known that the court must examine all evidence in the light
most favorable to the Plaintiff (nonmoving party). I would
advise the Defendants to consider case laws *Langley v. Adams
County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a
moving party (the Defendant) bears the burden of proof at trial
is entitled to summary judgment only when the evidence indicates
that no genuine issue of material fact exists.
Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987
F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant)
does not bear the burden of proof at trial, it must show "that
there is an absence of evidence to support the nonmoving party's
(the Plaintiff) case". In this case the nonmoving party (the
Plaintiff) has expressed evidence. The Plaintiff has given
names, dates, times and key information when such request for
information was submitted to support the Plaintiff's claim.
Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477
U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds
no merit in this case matter. The Federal Insurance Company
under the defendant's Crime Insurance Policy, provided by the
Defendant (hereinafter the "Federal Policy", and therefore the

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA &
Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

1  Defendant has sustained no loss in this action, nor did the

2  Plaintiff cause any hurt or harm to the Defendant, the Defendant

3  caused this action or judgment upon itself (The Agency) *see* Fed.

4  Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of

5  Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001

6  (2)(15)(34).

7        End of Complaint:

8                              Respectfully Submitted,

9

10                              Sam L. Clemmons, Plaintiff Pro Se
                                548 Saint Charles Place
11                              Brookhaven, MS 39601

12

13        **DISCOVERY ATTACHMENTS:**

14
         **Exhibit # 4:** The Default Paperwork & Affidavit of Service
15  **Paper work.**
         **Exhibit # 5:** Two pages of fact to show proof of FedEx
16  **Express Service Delivery and Delivery date served upon the
    Defendants to contradict statements made to mislead the court.**

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAM L. CLEMMONS | ) | **CIVIL ACTION NO:** |
| PLAINTIFF | ) | |
| | ) | **06-0304 (RCL)** |
| vs. | ) | |
| | ) | |
| DEFENSE SECURITY SERVICE (DSS) | ) | **August 31, 2006** |
| ADMINSISTRATION | ) | |
| DEFENDANT | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S**
**OPPOSITION, FILED 8/18/06,**
**TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Come now the Plaintiff, *Pro Se* submits its short but brief response to the Defendant's Counsel Statements to the court filed by Notice of Electronic Filing on August 25, 2006.

The Defendant's counsel has once again has failed to elaborate and provide proof to such his or her statements that he or she wishes and wants the court to see as truthful by means of providing the court justifications to have such case **06-0304 (RCL)** to be dismissed or for summary judgment to be in favor of the Defendants.

The Defendant's counsel has failed to produce or provide any proof of filing such response by Notice of Electronic Filing or an Affidavit of Service showing a certified return receipt date of May 26th, 2006. That validates <u>30 days</u> after being served.

The Defendant's counsel has failed to produce or provide to the court and the Plaintiff any facts of filing such dispositive motion by <u>June 9th, 2006</u> or such dispositive motion was filed on June 9th, 2006 which is <u>ten days</u> after the court's order on May 31, 2006. Giving the Defendant the benefit of doubt on what is the tenth day after the order by the court. Day one starts on June 1st, 2006 which the 10th day ending on June 10th, 2006 filed by electronic filing

which the court can see as a timely filing. If the Defendant's counsel now wishes to use the 10th falls on a Saturday which is the weekend. Once again given the Defendant's counsel the benefit of the doubt let say the 12th of June at 5:00 p.m. is the last day making such response time 10 days. The Defendant's counsel is late and such motion is not proper and not within the time as specified by the court. The court did not say or instruct excluding Saturday and Sunday as days not counted. The days are the same as the court has instructed in the time to response to the complaint summons upon the Defendant and the Defendant's counsel.

Therefore, making the Defendant's counsel claims to be not valid or true for the record.

Neither the Defendant nor the Defendant's counsel is exempted from work being performed on Saturday or Sunday they are both career salaried employees of the federal government which clearly express and states that such duties can be performed or accomplished on a Saturday or a Sunday as if it can be accomplished Monday through Friday. This point should be well taken for the court to express such filing is untimely and there is no excuse or good cause shown by the Defendant and the Defendant's counsel in any of its replies or responses to the court and the Plaintiff.

The Defendant and the Defendant's counsel have also failed to touch or explain his or her run around from their initial statements concerning only receiving the Plaintiff's Freedom of Information Act request by fax only. They both have failed to explain to the court receiving the same request by FedEx Express Service on the dates the Plaintiff has already provided the court through Exhibits of proof of receipt.

The Defendant's counsel has also failed to produce to the court the Defendant's staff record reports and the log sheets showing the court all The Freedom of Information Act requests under *de novo* by means of the Plaintiff's Subpoena Duces Tecum Requests.

---

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

The Plaintiff has produce to the court **Exhibit 6** showing serious issues express by the Defendants in the Plaintiff's Background Investigation Report. The Defendants have failed to elaborate or argue such record entry that contradicts their arguments before this honorable court.

The Plaintiff express to the court for some reasons the Defendant's counsel is trying to avoid the truth but wishes to submit motion requests to dismiss or for summary judgment thinking that the true facts or manner in this case before the court will be overlooked. The Plaintiff has submitted Exhibits to support his good cause and requests for default or summary judgment by default. The Defendant's counsel has not submitted anything to support their statements that they wish to make or add into the record and statements are supposed to be accommodated by facts.

How will it be if I (the Plaintiff) filed a complaint in any courts and had no facts to support my complaint? What if I (the Plaintiff) had nothing to show good cause not to dismiss my complaint then such ruling cannot be in my (the Plaintiff) favor according to the paragraph expressed and stated for the record below which expresses:

Let it be known when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). I would advise the Defendants to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the Defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence. The

Plaintiff has given names, dates, times and key information when such request for information was submitted to support the Plaintiff's claim. Therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Federal Insurance Company under the defendant's Crime Insurance Policy, provided by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon itself (The Agency, Defense Security Service Administration) *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2)(15)(34).

As of this date this response is filed in the court the court has not granted the Defendant's counsel requests to dismiss, stay discovery or for summary judgment that alone should tell the Defendant's counsel something. The Plaintiff once again expresses to the court and places such requests before the court to close such case with the Plaintiff's Exhibits submitted to support the Plaintiff's stance or arguments with a summary judgment in whole or by default in favor of the Plaintiff.

The Defendant and the Defendant's counsel have had every opportunity to come forth with the truth and validate their statements before the court. They have failed in every attempt to mislead the court and to place a request that is not necessary. Closing this case in favor of the Plaintiff will served as true justice has been performed.

Respectfully submitted,

Sam L. Clemmons, Plaintiff *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

Sam L. Clemmons vs. Defense Security (DSS) Administration & Office of FOIA & Privacy Division 1340 Braddock Place, Alexandria, VA 22314-1651

**Attachments:**

Affidavit of Service showing proof of service for the Record
**ORDER**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of August 2006, a true copy of the
<u>PLAINTIFF OPPOSITION TO DEFENDANT'S RESPONSE AGAINST PLAINTIFF'S
MOTION REQUEST TO SUBPOENA DUCES TECUM AND DEFENDANT'S
CONTINUE MOTION REQUEST TO DISMISS AND DEFENDANT'S MOTION
REQUEST TO STAY DISCOVERY ATTACHED WITH THE PLAINTIFF'S ORDER
REQUEST BEFORE THE COURT</u> was served by first-class mail concerning case #
**1:06CV00304 (RCL):**

To: Defendant's Counsel

U.S. ATTORNEY OFFICE
**ATTN: ATTY CLAIRE WHITAKER**
ASSISTANT U.S. ATTORNEY
JUDICIARY CENTER BLDG.
555 FOURTH STREET, NW.
RM E4202
WASHINGTON, DC 20530


The U.S. Attorney General Office
950 Pennsylvania Ave, NW
Washington, DC 20530

And

By U.S. Postal Express Mail to:
**Tracking #: <u>EQ 242 463 375 US</u>**
& By Regular First Class Mail

District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of September 2006, a true copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION, FILED 8/18/06, TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT** was served by first-class mail concerning case # 1:06CV00304 (RCL):

To: Defendant's Counsel

U.S. ATTORNEY OFFICE
**ATTN: ATTY CLAIRE WHITAKER**
ASSISTANT U.S. ATTORNEY
JUDICIARY CENTER BLDG.
555 FOURTH STREET, NW.
RM E4202
WASHINGTON, DC 20530


The U.S. Attorney General Office
950 Pennsylvania Ave, NW
Washington, DC 20530

And


District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601