UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, )<br>)<br>            Plaintiff, )<br>)<br>v. )<br>)<br>DEFENSE SECURITY (DSS) )<br>ADMINISTRATION. )<br>            Defendant. )<br>) | Civil Action No. 06-0304 (RCL) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
### FOR LEAVE TO FILE APPEAL OUT OF TIME [R. 25]

On May 16, 2007, plaintiff filed a motion for leave to file an appeal out of time. He attaches a Notice of Appeal and various other documents and argues in his main brief that, for a variety of reasons, the Court improperly entered summary judgment on defendant's behalf in this Freedom of Information Act case. The Court granted defendant's motion for summary judgment on March 30, 2007. Accordingly, plaintiff's appeal is timely.

However, should this Court treat plaintiff's filing as a motion for reconsideration, defendant provides the following argument in opposition to that motion. First, plaintiff's filing is filed too late to qualify as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Secondly, he fails to meet any of the requirements found in Fed. R. Civ. P. 60(1) through (6). Accordingly, the motion for reconsideration should be denied.

    Federal Rule of Civil Procedure 60(b) provides:

    On motion and upon such terms as are just, the court may relieve a party or a
    party's legal representative from a final judgment, order, or proceeding for the
    following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
    newly discovered evidence which by due diligence could not have been
    discovered in time to move for a new trial under Rule 59(b); (3) fraud, (whether
    heretofore denominated intrinsic or extrinsic), misrepresentation, or other

> misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

As noted, nothing in plaintiff's filing addresses any of these grounds. Specifically:

1. Rule 60(b)(1)

Fed. R. Civ. P. 60(b)(1) requires a showing of mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). Plaintiff has failed to assert any of these grounds in his filing.

2. Rule 60(b)(2)

Relief from judgment based on Fed. R. Civ. P. 60(b)(2) requires the movant to show: (1) the evidence was discovered after the trial; (2) the failure to discover the evidence earlier was not due to lack of diligence; (3) the evidence is material, not merely cumulative or impeaching; and (4) the evidence is likely to produce a different result. Atkinson v. Prudential Property Co., 43 F.3d 367 (8th Cir. 1994). Plaintiff has failed to offer any evidence to obtain relief under Rule 60(b)(2).

3. Rule 60(b)(3).

Federal Rule 60(b)(3) permits the court to relieve a party of the burden of an order or judgment where fraud, misrepresentation, or other misconduct exists. The movant must establish fraud, misrepresentation, or misconduct by clear and convincing evidence. Richardson v. National R.R. Passenger Corp., 49 F.3d 760 (D.C. Cir. 1995). Even if fraud is demonstrated, some courts have held that relief should be denied where the misrepresentation had no relevance whatsoever to the court's basis for decision. Williams v. United States Drug Enforcement Admin., 51 F.3d 732 (7th Cir. 1995). Again, nothing in plaintiff's filing addresses these grounds.

    4. <u>Rule 60(b)(4)</u>.

Under Rule 60(b)(4), plaintiff must show that the judgment is void. Fed. R. Civ. P. 60(b0(b)(4). He has not presented evidence in his filing to establish that the judgment is void.

    5. <u>Rule 60(b)(5)</u>.

Under Rule 60(b)(5), plaintiff must show that the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. Fed. R. Civ. P. 60(b)(5). He has not done so.

    6. <u>Rule 60(b)(6)</u>.

In order for plaintiff to be entitled to relief under Federal Rule 60(b)(6), he must demonstrate "extraordinary circumstances" warranting disruption of a judgment. <u>Computer Professionals v. U.S. Secret Service</u>, 72 F.3d 897 (D.C. Cir. 1996). Relief should be afforded "sparingly." <u>Id</u>. At 903, citing <u>Good Luck Nursing Home, Inc. V. Harris</u>, 636 F.2d 572, 577 (D.C. Cir. 1980). Plaintiff must therefore show "previously undisclosed facts so central to the litigation that it shows the initial judgment to have been manifestly unjust." <u>Id</u>. Relief is not available under Federal Rule 60(b)(6) to relieve a party from voluntary tactical or strategic decisions as to how to proceed in the lawsuit. <u>Ackermann v. United States</u>, 340 U.S. 193 (1950).

Plaintiff presented no facts which amount to extraordinary circumstances and thus failed to meet the threshold requirement for relief under Rule 60(b)(6). Plaintiff is simply dissatisfied with the decision.

In sum, should the Court treat plaintiff's motion as a motion for reconsideration under Fed. R. Civ. P. 60(b), it should be denied. A draft order denying the motion is attached.

                    Respectfully submitted,

                    /s/
                    JEFFREY A. TAYLOR , D.C. Bar # 498610
                    United States Attorney

                    /s/
                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                    Assistant United States Attorney

                    /s/
                    CLAIRE WHITAKER, D.C. Bar # 354530
                    Assistant United States Attorney
                    United States Attorneys Office
                    Civil Division
                    555 4th Street, N.W., Room E-4204
                    Washington, D.C. 20530
                    (202) 514-7137

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing memorandum and proposed order were served by First-Class Mail; postage prepaid to:

      SAM L. CLEMMONS, *pro se*
      548 Saint Charles Place
      Brookhaven, MS 39601

on this 25th day of May, 2007.

                                              /s/
                                    CLAIRE WHITAKER,
                                    Assistant U.S. Attorney