# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

__SAM L. CLEMMONS__
Plaintiff

vs.   Civil Action No. 06-0304 (RCL)

__DEFENSE SECURITY (DSS) SERVICE__
Defendant

## NOTICE OF APPEAL

Notice is hereby given this __30TH__ day of __MARCH__, 20__07__, that

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the __30TH__ day of __MARCH__, 20__07__ in favor of __DEFENDANT (DEFENSE SECURITY (DSS) SERVICE__ against said __PLAINTIFF (SAM L. CLEMMONS)__

_____
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

U.S. ATTORNEY OFFICE
ATTN: ATTY CLAIRE WHITAKER
555 FOURTH STREET, N.W.
RM E4802
WASHINGTON, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| ) | |
| PLAINTIFF, PRO SE ) | 06-0304 (RCL) |
| ) | |
| vs. ) | |
| DEFENSE SECURITY (DSS) SERVICE, et al ) | |
| DEFENDANTS ) | |

**PLAINTIFF'S FILE MOTION OF APPEAL DUE TO PREJUDICE AGAINST COURT'S ORDER DATED MARCH 30, 2007 AND POST MARKED BY U.S. MAIL DATED MAY 2ND, 2007 APPROXMIATELY 30 DAYS OR MORE AFTER REQUESTING TO ENTER FINAL AFFIDAVIT OF SERVICE SHOWING PROPER PROOF OF DELIVERY OF THE THIRD AND FINAL SETS OF ADMISSIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANTS IN ADDITION TO THE PLAINTIFF'S MOTION REQUEST TO ENTER FINAL DISCOVERY FOR THE RECORD.**
**THE PLAINTIFF NOW DEMAND SUCH CASE TO BE REVIEWED BY THE COURT OF APPEALS OR A HIGHER COURT TO WITNESS NEGLIENCE AGAINST THE PLAINTIFF IN DENYING THE PLAINTIFF HIS RIGHTS TO A JURY TRIAL AS DEEM NECESSARY BY THE PLAINTIFF AND THE UNITED STATES CONSTITUTION.**

Plaintiff files this Motion Request to appeal Court's order or decision to dismiss case after the Plaintiff Demanded a Jury Trial according to Federal Rules of Civil Procedures and the Court now stating the Defendant filed a motion [6, 74] to dismiss for summary judgment on June 14, 2006 and the Plaintiff did not comply with the Court's

June 16, 2006 order when the Plaintiff did comply and submitted a timely response to every entry into the record. The Court failed to state or express that the Plaintiff demanded a Jury Trial in the very initial stage of filing his complaint and the Court accepted such filing and assigned a case number pending the Defendant's Counsel response to the complaint and summons served upon the Defendant in a timely manner bring us to this action in Court today.

The Court ordered the Defendant to file a dispositive motion by June 9th, 2006, the Defendant's Counsel failed to file such motion in a timely manner resulting in two default entries on the record. See attached copy of Plaintiff's motion onto the record and the Court should validate such timely respond by copy of certified electronic filing showcase a date and time when such was filed into the record. The Defendant's Counsel Deadline date for responding to the complaint and summons served upon the Defendant was May 26th, 2006 and not other days was granted or extended beyond May 26th, 2006. The Defendant's Counsel failed to file a motion for enlargement of time and such motion request were never granted on the record; resulting in automatic default according to the records of law.

The Court failed to see, state and understand that the Plaintiff filed such responses, objections and oppositions to the initial entry by the Defendant with the Court leading and directing the Defendant's Counsel on what and how to response to the complaint served upon the Defendant which is outside the scope of the practice of the Court according to the Rules of Civil Procedures and the boundaries of any Court. The Court stated and expressed on the record giving the Defendant's Counsel 10 days to file a

dispositive motion which the Defendant's Counsel failed to meet such deadline in accordance with the common dated calendar. The Plaintiff's filed his objections and oppositions to the facts that the Defendant's Counsel failed to honored the Court's Orders and instructions thereby failing to meet the set date to response which should have justified the second entry of default due to the facts on the record the Defendant's Counsel did not respond to the initial complaint in a timely manner which should have been by the Court's rules an automatic default entry by the Clerk.

The Plaintiff received the Court's notice to such order to respond on June 21st, 2006 after returning from an illegal event of activities in the State of Georgia. Therefore, 10 days to respond to such order was June 31, 2006 not June 16th, 2006 the date the Court assigned such order and mail such order out to the Plaintiff with a U.S. Postal Service showing the exact date of mailing which is proof for the record. The Court must deem by the law give the U.S. Mail at least 7 to 10 days to reach the Plaintiff and cannot hold the Plaintiff liable or responsible for such date due to the Plaintiff is a *Pro Se* in this litigation process. Therefore a valid affidavit of service is deems appropriate by law if one wishes to get technique upon the true date of receipt. Therefore, the Plaintiff responded to the Court's order in accordance with *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) just as the Plaintiff had done so in all his on time pleading and filing in this court. Since filing the timely response on time the Plaintiff did not hear from the Court regarding this case until May 10, 2007 with a order filed on the case dated March 30, 2007 after the Plaintiff filed a crucial motion requesting

a Jury Trial and requesting case to be closed for summary judgment by default due to fraud reveal, found and located by the Plaintiff against the Defendants. This filing alone trigger the Court or the Judge to perform such act or actions to dismiss this case and honoring such bogus Defendant's motion to stay discovery in an event or attempt to conceal true justice by dismissing such case with prejudice not granting the Plaintiff any rights to appeal to the next higher court in which the Plaintiff is now demanding his appeal rights according to the United States Constitution and requesting this case to be sent back for a full Jury Trial according to the Plaintiff's appropriate demands and rights according to the laws of the United States Constitution.

The Court's tactics should not be acceptable when the Plaintiff filed such without ever receiving anything from the Court as required by law to send to both parties.

If such deadlines were ever missed it is the duty of the Court to advise and fully informed such party on the alleged claim of missing such deadline on or after such date and not eleven months after the Plaintiff has attacked and propounded the Defendant's Counsel over the months in attempts to obtain the record sought to justify the Plaintiff's claim or complaint. It is not the duty of the Court or the Judge to protect the Defendants or the Defendant's Counsel for something that is easily accessible within its agencies.

The Plaintiff's sought under the Freedom of Information Act the date, time and person or persons name for corrupting its database by using the Plaintiff's personal information without any orders to do so. This information alone does require a response because such agency reported derogatory information to the Office of Personnel Management as an issues or concern within the United States Government.

4

The Defendant's now have failed to exhaust all available administrative remedies when the Plaintiff had not done so. The Plaintiff filed all the necessary paperwork in the United States District Court with a valid claim. The Court accepted jurisdiction with merit to hear the Plaintiff's claim.

The Plaintiff filed all motions, objects and pleading in a timely manner. The Defendant's Counsel did not. Therefore, the Plaintiff is seeking through this appeal complete review of the record and reconsideration of this case before another Judge.

The Plaintiff had not failed to exhaust his remedies under the Federal Tort Claim Act due to the facts that such incident took placed in a federal agency within the District of Columbia. The Plaintiff clearly tried to resolve any issues prior to filing such actions in this Court. Therefore, such statements against the Plaintiff are statements with prejudice and should not stand any further and should be quashed from the record.

Therefore, the Plaintiff's claim for removal or change of Judge should be honored due to other pending cases are now in jeopardy after the Plaintiff has briefed and prove his case beyond a reasonable doubt by submitting substantial evidence in his motions to enter discoveries which were not rejected. The Plaintiff has proved his case beyond a reasonable doubt by giving the Defendants and the Defendant's Counsel well over enough time to prove their defense and counterclaim by allowing them to submit their argument when they had elapsed their time in responding but the Court deemed and accepted their entry outside the rules and scope of the Court this showed prejudice. The Plaintiff proved his case through three submission of admission, Interrogatories and Subpoena Duce Tecum Requests in which the Court did not deny or demand Stay of any

discovery within a thirty day window to do so to prevent any responses this too shows signs of prejudice and should guarantee and warrant immediate removal of the Plaintiff's case or cases, complaints and other submission from this section of the Court but be placed in another section due to other negligence errors of the Court will be made and found to interrupt in the quest for true justice by the Plaintiff.

This was not just a Freedom of Information Act lawsuit but a lawsuit of violation of the Plaintiff's privacy rights and other tort damages. If the Court could not accepted or hear such claim as submitted by the Plaintiff, the Court should have deem and state lack of jurisdiction before assigning a case number to the complaint.

The Plaintiff has proven that such act or actions imposed by the Defendants were not proper, accurate and accordance with the law. The Plaintiff provided both the Defendant and the Court with substantial facts justifying his case in accordance with rules of standard for summary judgment the Defendant's Counsel did not.

The Court has refused to accept such entry of evidence by the Plaintiff in a timely manner and is now showing prejudice by closing such case with prejudice after the Plaintiff has entered everything into the record according with the Federal Rules of Civil Procedures. Therefore, the Plaintiff is now filing an appeal to override and overturn such errors in this Court but is requesting the Court of Appeal to review the case in its entirely and deem the necessary course of actions but send the case back to the Court under a new assigned Judge for a better review and ruling according to the Defendant's Counsel statements on the record without any proof to such them.

The Plaintiff states and stress on the record an illegal arrest was made from all of this and there is no evidence of a Federal Police Report, Police Reports or a felony act was ever being committed as deem appropriate by the normal Due Process of Law. Therefore, anyone who is arrested according to the law is due a Police Report validating such arrest. In this case before the Court and after the Court's acceptance to hear the complaint Due Process does not exist even after the Plaintiff demanded a jury trial in accordance with the Federal Rules of Civil Procedures. Therefore, dismissing such case is not accurate or appropriate. The Plaintiff is now demanding a Jury Trial making such case public record and requesting such case to be removed from Judge Royce C. Lamberth's Chambers to be placed in another Judge's Chamber so that a Jury Trial will be granted and given according to the United States Constitution to review the facts in this case as required by law.

The Defendants have exhausted its administrative remedies and period of six months to enter its discovery validating their actions in any court of law. The evidence on the record should now stand and be fully available for a jury to hear and rule on the evidence according to the law of justice.

Therefore, no sanction should be imposed upon the Plaintiff but sanction should now be completely imposed upon the Defendants and such Proposed Orders, Protection Orders and Restrainer Orders should be honored according to the Plaintiff's past and present requests for complete JUSTICE according to the law.

In conclusion and in summary, the rules of the law clearly states and expresses under the content of Rule 37(c) failure to disclose; false or misleading disclosures; refusal

to admit. It states that a party that without substantial justification fails to disclose information required by Rule 26 (a) or 26(e) (1), or to amend a prior response to discovery as required by Rule26 (e) (2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanction may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. This is why the Plaintiff is now demanding a Jury Trial prior to Summary Judgment if necessary.

If the Defendants and the Defendant's Counsel cannot response to this motion with substantial evidence to justify or show good cause as to why this lawsuit should be dismissed then responding to this motion should not be necessary.

The Plaintiff has fully briefed such case according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982) <u>Fox v. Strickland</u>, 837 F.2d 507 (D.C. Cir. 1988) and <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) this case should now be brought to a complete close after the Court of Appeal review.

In accordance with all rules of the Courts the rules and standard for summary judgment clearly states and expresses it is known through facts that when a Court or a jury to consider any motion for summary judgment, it is known that the Court must examine all evidence in the light most favorable to the Plaintiff (nonmoving party). The

Judge in this case did not according to the late and suspicious order received approximately 38 days after. The Plaintiff wishes to advised the Defendant and the Defendant's Counsel to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933) to make this action or conduct in this Court valid and correct. This case clearly states when a moving party (the Defendant) bears the burden of proof at trial the Defendant is entitled to summary judgment <u>only when</u> the evidence indicates that no genuine issue of material fact exists. The Defendant failed to state or expressed such.Fed.R.Civ.P.56(c); See case law: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the Defendant) does not bear the burden of proof at trial, the Defendant must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this particular case before the Courts the nonmoving party (the Plaintiff) has expressed evidence and has provided the Court with substantial evidence in accordance with the Federal Rules of Civil Procedures. The Plaintiff has given documentation of proof to justify illegal action or activity and has proven through evidence of stolen funds. What else is needed to have a ruling in favor of the Plaintiff? The Judge failed to consider case law: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) which holds no merit in this case matter. The Judge failed to advise and inform the Defendant to carry this matter over to the Federal Insurance Company under the Defendant's Crime Insurance Policy, which should have been provided to the Court by the Defendant (hereinafter the "Federal Policy", and therefore the Defendant has sustained no loss in this action, nor did the Plaintiff caused any hurt or harm to the Defendant), the Defendant caused this action or judgment upon

itself (The Agency) by not completely understanding the laws or just by refusing to obey the law *see* Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34).

The Plaintiff responded to all the Court's notices and the Defendant's motions through objections. If not this case would have been dismissed ten days after June 16, 2006. The Court cannot produce one set of legal documentation honoring the Defendant's request for dismissal within 10 days after receiving it in accordance with *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982) *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) and *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). Statement in the record of document stating the Plaintiff did not comply with the Court's June 16, 2006 order is not accurate nor is it correct.

Therefore, the Court of Appeal should now honor the Plaintiff 's request by requesting change of venue and change of Judge should be honored in accordance with the Federal Rules of Civil Procedures 51and hereby submit the Plaintiff's appeal in accordance with the Rules and Procedures under Rule 73 and 73(b) (Abrogated).

Once again the Plaintiff was not notified of any changes to the docket until May 10, 2007 this is a very strange sign of things not being in accordance with the rules and laws of the Court. The Plaintiff's rights to appeal any decisions or ruling in the Court has been interfered with which should automatic appeal such order or decision of the Court.

Since the Plaintiff is a Pro Se in this case law before the Court, the Plaintiff now file such internal subpoena request against the United States District Court for the District of Columbia to produce documents which should be a part of the record and public

record showing proper and accurate filing by the Defendant and the Defendant's Counsel on May 26, 2007 to prove according to the Court of law that the Defendants and the Defendant's Counsel filed such response in a timely manner to reach such decision by the Court to dismissed without properly advising the Plaintiff of such dismissal according to the Rules and Procedures of the Court.

The Defendants and the Defendant's Counsel should now be held liable for all Court's cost in addition to the judgment award after taxes.

Respectfully Submitted,

SAM L. CLEMMONS
548 Saint Charles PL
P.O. Box 347
Brookhaven, MS 39602
Phone # 866-409-7758

**See Attachments:**

- Affidavit of Service / Proof of Certification
- Final and Additional Exhibit / Affidavit for the Record for a just but fair Summary Judgment in favor of the Plaintiff
- Proposed Orders

CC:

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530